IN THE UNITED STATES DISTRICT COURT
for the
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **PAULA DUCKETT** <br> 4619 Westridge Place <br> Temple Hills, MD 20748 <br><br> **CAROLYN SESSOMS** <br> 12404 Crystal Pond Ct <br> Upper Marlboro, MD 20772 <br><br> **CONNIE SPRIGGS** <br> 5225 Connecticut Ave NW <br> APT 713 <br> Washington, DC 20015 <br><br> Plaintiffs, <br><br> v. <br><br> **DISTRICT OF COLUMBIA** <br><br> Serve: <br><br>     Darlene Fields or Gail Rivers or <br>     Tonya Robinson <br>     Accepting Agents <br>     Office of the Attorney General <br>     Government of the District <br>      of Columbia <br>     One Judiciary Square <br>     441 4th Street NW <br>     Suite 600 South <br>     Washington, DC 20001 <br><br>     and <br><br> **CLIFFORD B. JANEY** <br> Superintendent <br> District of Columbia Public Schools <br> 825 North Capitol Street, N.E. <br> 9th Floor Superintendent's Office <br> Washington, D.C. 20002 <br><br>     and | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. |

| | |
|---|---|
| **PAMELA GRAHAM** | ) |
| Chief Financial Officer for the | ) |
| District of Columbia Public Schools | ) |
| Office of the Chief Financial Officer | ) |
| 825 North Capitol Street, N.E. | ) |
| Suite 7138 | ) |
| Washington, DC 20002 | ) |

## COMPLAINT UNDER THE UNITED STATES CONSTITUTION AND UNDER 42 U.S.C. § 1983

Paula Duckett, Carolyn Sessoms, and Connie Spriggs, by and through their undersigned counsel, Omar Vincent Melehy, Andrew Perlmutter, and the offices of Melehy & Associates, LLC, hereby bring an action for injunctive and declaratory relief and for money damages to redress the deprivation of the Plaintiffs' rights, privileges and immunities under the Constitution and laws of the United States, namely, the Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983 because Defendants deprived the Plaintiffs' of their property without substantive or procedural due process of law. Specifically, Defendants are depriving Plaintiffs of back pay, rights to reinstatement, and other property awarded to the Plaintiffs by a judgment in separate actions against the District of Columbia Public Schools ("DCPS") by the District of Columbia Office of Employee Appeals without due process of law. In support of the Complaint, Plaintiffs state as follows:

### JURISDICTION

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331. The actions complained of occurred within the District of Columbia.

### PARTIES

2. Plaintiff Paula Duckett resides at 4619 Westridge Place, Temple Hills, MD

20748. The DCPS separated Duckett from her position as Assistant Principal with the DCPS on or about August 20, 2003.

3. Plaintiff Carolyn Sessoms resides at 12404 Crystal Pond Court, Upper Marlboro, MD 20772. The DCPS separated Sessoms from her position as Assistant Principal with the DCPS on or about August 15, 2003 due to the abolishment of her position.

4. Plaintiff Connie Spriggs resides at 5225 Connecticut Ave., N.W., Apt. 713, Washington, DC 20015. The DCPS separated Spriggs from her position as Assistant Principal with the DCPS on or about September 30, 2002.

## DEFENDANTS

5. Defendant District of Columbia controls the District of Columbia Public Schools.

6. Defendant Clifford B. Janey is the Superintendent of the District of Columbia Public Schools. Janey as hired directly by the school board and operates as the chief executive officer for the District of Columbia Public Schools.

7. Defendant Pamela Graham is the Chief Financial Office for the District of Columbia Public Schools. Graham handles also fiscal responsibilities for the District of Columbia Public Schools, including all accounts receivable, payroll, and other expenses to be paid by her office, including the payment of all back pay awarded against the District of Columbia Public Schools.

## FACTS: PLAINTIFF PAULA DUCKETT

8. On or about August 20, 2000, Duckett was promoted to the position of ET-08 Assistant Principal with the DCPS. This was a non-tenured position for one year, but the position was renewed for a second year on or about August 21, 2001, and renewed again for a third year on or about August 20, 2002. The DCPS elected not to renew the contract

for a forth one year term and instead formally abolished the position through a reduction-in-force ("RIF"). The DCPS gave notice of the RIF to the Duckett by letter, dated July 16, 2003, effective August 15, 2003. The DCPS took no steps to place Duckett in another position when her Assistant Principal position was abolished.

9. Duckett appealed the DCPS's decision to the District of Columbia Office of Employee Appeals ("OEA") on August 19, 2003, challenging the circumstances of her termination with the DCPS. Duckett successfully argued that pursuant to 5 DCMR 520.3, she had a vested right to automatically revert to a ET-15 Teacher position, effective on or about August 20, 2003, the date her term as Assistant Principal expired. On Appeal, the OEA held that Duckett's retirement was a form of constructive discharge, and that the OEA had jurisdiction over Duckett's appeal, a ruling which the DCPS did not challenge on appeal. The OEA issued an initial decision on September 16, 2004, ruling that the DCPS improperly constructively discharged Duckett and that the DCPS must place Duckett back into an ET-15 Teacher position, retroactive to August 20, 2003, the date her term as Assistant Principal expired. The DCPS was also ordered to restore all of Duckett's ET-15 Teacher benefits, including, but not limited to back pay, retirement, and all other relevant benefits, retroactive to August 20, 2003. The Order directed the DCPS to comply with the Order within thirty days from the date the OEA's decision became final.

10. The OEA's decision became final on October 21, 2004, thirty-five days after its issuance. The DCPS was directed to comply with the Order no later than November 22, 2004.

4

11. On November 10, 2004, Duckett filed her Motion for an Award if Attorney's Fees and Costs and Motion to Keep the Record Open for Additional Documentation of Attorney's Fees and Costs and her Memorandum in Support of her Motion for Award of Attorney's Fees and Costs. Duckett requested $5,077.50 in attorney's fees and $53.57 in costs, which was an accurate accounting of attorney's fees and costs at the motion was filed – November 10, 2004. Duckett also requested that the record be kept open for the submission of additional attorney's fees and costs incurred until January 30, 2005 because the Agency will likely not comply or will only partially comply with Judge Quander's Order to reinstate Duckett by November 22, 2007 and a Motion to Enforce the Order will then be required to be filed on behalf of Duckett, adding to Duckett's total expended attorney's fees and costs.

12. On November 29, 2004, Duckett filed a Motion to Enforce Judge Quander's Reinstatement Order. At the time Duckett filed her Motion to Enforce, she had neither received an offer of an ET-15 teaching position nor had she been reinstated. Furthermore, the DCPS failed to restore any of Duckett's benefits or pay, including, but not limited to, Duckett's life insurance, health insurance, dental insurance, or back pay. Additionally, the DCPS had not paid her for any portion of its contribution to her health or dental insurance during the period of separation, made contributions to her tax-sheltered thrift savings plan, restored her retirement service credits and seniority, restored her retirement contributions or made its own contributions to her retirement plan, or restored her lost leave.

13. The DCPS responded to Duckett's Motion to Enforce Judge Quander's

Reinstatement Order by arguing that Duckett had not been reinstated to an ET-15 teaching position because her teaching certification in Elementary Education had lapsed on August 22, 2000 and the No Child Left Behind Act prohibited the DCPS from employing her as an ET-15 Teacher. The DCPS stated that Duckett must establish that she had a valid certification before it would place her in an ET-15 teaching position.

14. On March 23, 2005, Judge Quander issued his Initial Decision on Attorney's Fees reducing Duckett's request for 19.9 hours of expended time to 16.0 hours, or $3,759.96 in attorney's fees and costs of $53.57, for a total award of attorney's fees and costs of $3,813.53. The award of attorney's fees was for time expended and costs incurred up until November 10, 2004. DCPS paid this award.

15. On January 11, 2006, Judge Quander issued an Addendum Decision on Compliance which held that the DCPS had not complied with the OEA's October 22, 2004, final decision and he certified the matter to the OEA's General Counsel for enforcement.

16. On August 18, 2006, the General Counsel issued an Order on Compliance under D.C. Official Code § 1-606.02(a)(6), which gave that Office the authority to "order any agency or employee of the government of the District of Columbia to comply with an order or decision issued by the Office under the authority of this chapter and to enforce compliance with the order or decision." Pursuant to that authority, the General Counsel ordered the DCPS to submit the following to the Office of the General Counsel by the close of business on September 11, 2006: documents verifying that it has complied with the final decision of this Office which demonstrate that Duckett has been placed in an ET-15 Teacher position, made retroactive to August 20, 2003, and documents

demonstrating that it had restored all benefits including, but not limited to, retirement and other benefits without a break in service to August 20, 2003.

17. On October 21, 2006, the DCPS submitted its Response to Duckett's counsel's submissions. In its response, the DCPS stated that it is still looking for an open position for Duckett and, based on her credentials, there is currently no position in the school system in which she can be placed. The DCPS stated that it must locate a funded position in order to place Duckett on a salary status.

18. The DCPS never complied with the General Counsel's August 18, 2006 Order, nor has the DCPS since placed Duckett is an ET-15 Teacher position, paid back pay, or restored all of Duckett's retirement and other benefits as required by the OEA and the General Counsel as of the date of the filing of this Complaint.

### FACTS: PLAINTIFF CAROLYN SESSOMS

19. Sessoms held a permanent position as an ET-15 Teacher with DCPS since 1996. On or about August 20, 2000, Sessoms was promoted for a one year term to the position of ET-08 Assistant Principal. Her appointment was renewed for a second year on or about August 20, 2001, and renewed again for a third year on August 20, 2002. Just before completing her third one year appointment, her Assistant Principal Position was abolished, effective August 15, 2003. The DCPS took no steps to place Sessoms in another position.

20. Sessoms appealed her termination from the DCPS to the OEA on August 22, 2003. Sessoms successfully argued that pursuant to 5 DCMR 520.3, she had a vested right to automatically revert to a ET-15 Teacher position, effective on or about August 15, 2003, the date her term as Assistant Principal expired. Pursuant to certain provisions

of the No Child Left Behind Act on January 2002, all teachers in the DCPS must be "highly qualified," as defined by the Act, and each teacher in the system must likewise be fully certified by the Agency's Office of Academic Credentialing and Accreditation and hold a valid teaching license to continue teaching in the public schools. The DCPS then took the position that Sessoms must bear the burden of proving that she was properly and currently licensed and credentialed before she could lay claim to an ET-15 Teacher position. Judge Quander found that Sessoms was duly qualified, licensed, and properly certified to teach elementary education grades 1 through 6. Judge Quander then ruled that the DCPS erred when it failed to reinstate Sessoms to an ET-15 Teacher position after her term as Assistant Principal had expired. Judge Quander ordered that the DCPS place Sessoms in a position of ET-15 Teacher, restore all of her retirement and benefits, and award back pay from August 15, 2003 forward. Judge Quander also ordered DCPS to file with the OEA thirty days from the date on which the decision becomes final documents showing compliance with the terms of his Order.

21. The DCPS did not appeal the decision and it became final on January 18, 2005, thirty-five days after its issuance. The Order provided that the DCPS had thirty days following the date on which the decision became final, which was February 17, 2005, in which to provide documentation to the OEA demonstrating its compliance with the Order.

22. Sessoms filed a Motion for Enforcement of Judge Quander's Reinstatement Order on February 18, 2005. As of that date, Sessoms had not been offered an ET-15 Teacher position nor had she been reinstated. Furthermore, the DCPS had failed to reinstate any of Sessom's benefits or pay, any back pay, or any retirement or other benefits without a

break in service. The DCPS claims that on or about January 19, 2005, counsel for Sessoms, upon inquiry, was faxed a copy of a letter dated December 28, 2004, in which Sessoms was offered an ET-15 Teacher position provided she reported to the DCPS by January 12, 2005. However, the letter was sent to an incorrect address at which Sessoms has never lived; therefore, she never received the offer. Counsel for Sessoms informed the DCPS that the letter had been sent to the incorrect address and requested that an offer with a new deadline be sent to Sessoms.

23. The DCPS issued no response to Sessom's Motion for Enforcement of Judge Quander's Reinstatement Order.

24. On February 18, 2005, Sessoms filed her Motion for an Award of Attorney's Fees and Costs and Motion to Keep Record Open for Additional Documentation of Attorney's Fees and Costs and Memorandum in Support of Employee's Motion for Award of Attorney's Fees and Costs. Sessoms requested $7,074.00 in attorney's fees and $45.15 in costs, which was an accurate accounting of attorney's fees and costs incurred as of February 17, 2005. Sessoms also requested that the record be keep open for the submission of additional attorney's fees and costs after April 18, 2005.

25. The Agency did not file a response brief to Sessom's Motion for an Award of Attorney's Fees and Costs and Motion to Keep Record Open for Additional Documentation of Attorney's Fees and Costs.

26. On June 10, 2005, Judge Quander issued his Addendum Decision on Attorney's Fees awarding $3,625.15 in attorney's fees and $45.15 in costs, for a total award of $3,670.15 to Sessoms. The award of attorney's fees was for work performed through April 18, 2005.

27. On January 13, 2006, Judge Quander issued an Addendum Decision on Compliance stating that the DCPS never complied with OEA's December 13, 2004 Order which became final on January 19, 2005 and Judge Quander certified the matter to the General Counsel for enforcement.

28. On February 19, 2005, the DCPS provided its Response to the Decision on Compliance. In its response, the DCPS stated that it had sent notice of a specific duty assignment, on December 28, 2004 and February 3, 2005 to Sessoms' incorrect mailing address and she never responded to the offer of employment.

29. On September 6, 2006, the General Counsel issued its Order on compliance, stating that the DCPS had thirty days after the OEA's decision became final to comply with the Order and failed to do so by the deadline. On January 13, 2006, the Administrative Judge issued his Addendum Decision on Compliance and the DCPS failed to comply with that Order as well. The General Counsel issued an Order on Compliance under D.C. Official Code § 1-606.02(a)(6), which gave that Office authority to "order any agency or employee of the government of the District of Columbia to comply with an order or decision issued by the Office under the authority of this chapter and to enforce compliance with the order or decision." Pursuant to that authority, the General Counsel ordered the DCPS to submit documents to the Office of the General Counsel by the close of business of September 27, 2006, demonstrating that it has complied with the final decision of this Office, including, but not limited to, demonstrating that Sessoms had been placed in an ET-15 Teacher position, made retroactive to August 15, 2003, and that it had restored all of Sessom's benefits,

including, but not limited to, retirement and other benefits without a break in service to August 15, 2003.

30. The DCPS has never complied with the General Counsel's September 6, 2006 Order nor has the DCPS placed Sessoms in an ET-15 position, paid back pay, or restored all of Sessoms' retirement and other benefits as required by the OEA and the General Counsel as of the date of the filing of this Complaint.

## FACTS: PLAINTIFF CONNIE SPRIGGS

31. Spriggs held a permanent position as an ET-15 Teacher from approximately 1977 until approximately October 16, 1999, when she received a promotion under a three-year grant program known as the 21st Century Learning Centers grant. She was temporarily promoted to an ET-08 Assistant Principal for a period not to exceed September 30, 2002. The grant was not renewed at the conclusion of Spriggs third year and the Assistant Principal position terminated on September 30, 2002. The DCPS took no further steps to place Spriggs in another position. Spriggs was forced to retire to preserve her flow of income.

32. On or about July 24, 2003 Spriggs filed an appeal with the OEA challenging her constructive termination. She filed a Motion and Memorandum Supporting Summary Judgment, arguing that the DCPS violated its own regulations when it failed to place her in an ET-15 Teacher position when her temporary appointment as an Assistant Principal expired on September 30, 2002. On December 3, 2002, Spriggs filed a supplemental pleading titled Appellant's Statement of Jurisdiction, arguing that the OEA had jurisdiction of this matter despite the fact Spriggs' appeal had not been filed within thirty days of her termination, because the DCPS did not advise her of her appeal rights. The

DCPS agreed that because it did not advise Spriggs of her appeal rights the OEA has jurisdiction over her appeal. The DCPS also agreed that because of the governing regulations, Spriggs also had a right to be placed in an ET-15 Teacher position at the conclusion of her tenure as an Assistant Principal. Spriggs' Motion for Summary Judgment was granted and Judge Quander concluded that Spriggs' retirement was involuntary and was a direct result of the DCPS' failure to place her in an ET-15 Teacher position when her term as Assistant Principal expired. Judge Quander held that the DCPS must place Spriggs in an ET-15 Teacher position, retroactive to September 30, 2002, and that the DCPS must restore all of her ET-15 teacher benefits, including, but not limited to, retirement and time served retroactive to September 30, 2002 and pay back pay from the expiration of her term as Assistant Principal on September 30, 2002. Judge Quander ordered that the DCPS must comply with this decision within thirty days of it becoming final.

33. Judge Quander's initial decision became a final decision on September 27, 2004, thirty-five days after it was issued. The DCPS was required to comply with the Order no later than October 27, 2004.

34. The DCPS failed to comply with the Order by October 27, 2004 and as of the morning of October 28, 2004; Spriggs had neither received an offer of an ET-15 Teacher position nor had been reinstated. Furthermore, the DCPS had not restored any of Spriggs' benefits, which include health insurance, life insurance, dental insurance, contributions to her health or dental insurance during the period of separation, contributions to her tax sheltered thrift savings plan, retirement service credits and seniority, and lost leave. Additionally, the DCPS had not paid Spriggs' any of her back

pay. On October 28, 2004, Spriggs filed a Motion for Enforcement of Judge Quander's Reinstatement Order.

35. On October 22, 2004, Spriggs filed her Motion for an Award of Attorney's Fees and Costs and Motion to Keep Records Open for Additional Documentation of Attorney's Fees and Costs and Memorandum in Support of Employee's Motion for Award of Attorney's Fees and Costs. Spriggs requested $5,040.00 in attorney's fees for 20 hours of work and $48.94 in costs. Spriggs also requested that the record be keep open for submission of additional documentation of attorney's fees and costs until January 30, 2005 because the Agency likely would fail to comply with Judge Quander's Order or only partially comply with Judge Quander's Order requiring Spriggs to file a Motion to Enforce Order.

36. On November 12, 2004 the DCPS filed its Response to Order of Enforcement and stated that Spriggs' was only certified as a Dental Technician and asserted that no positions were available for a teacher with this certification. The DCPS also asserted that the No Child Left Behind Act prohibited the DCPS from placing Spriggs in any position throughout the school system. The DCPS asserted that since Spriggs' was not certified to teach any subject in the public school system, it was not required to reinstate her.

37. On November 22, 2005, Judge Quander issued his Addendum Decision on Compliance which stated that his August 24, 2004 decision (which became a final decision on September 29, 2004) had not been complied with by the DCPS and he certified the matter to the OEA's General Counsel for enforcement.

38. On December 6, 2004, Judge Quander issued his Addendum Decision of

Attorney's Fees awarding $4,420.00 in attorney's fees and $48.94 in costs, for a total award of $4,468.94. This award covered time expended and costs incurred through October 22, 2004. The DCPS paid this award.

39. On August 11, 2006, the General Counsel issued its Order on compliance which stated that the DCPS had thirty days after the OEA's decision because final to comply with the Order and failed to do so by the deadline. Then on November 22, 2005, the Administrative Judge issued his Addendum Decision on Compliance and the DCPS failed to comply with that Order as well. The General Counsel then issued an Order on Compliance under D.C. Official Code § 1-606.02(a)(6), which gave that Office authority to "order any agency or employee of the government of the District of Columbia to comply with an order or decision issued by the Office under the authority of this chapter and to enforce compliance with the order or decision." Pursuant to that authority, the DCPS was ordered to submit documents to the Office of the General Counsel by the close of business of September 1, 2006 demonstrating that the DCPS has complied with the final decision of this Office, including, but not limited to, documents demonstrating that Sessoms had been placed in an ET-15 Teacher position, to September 20, 2002, and restoring all of Sessom's benefits, including, but not limited to, retirement and time served to September 20, 2002.

40. On October 21, 2006, the DCPS submitted its Response to the Employee Counsel Submissions stating that it was still actively looking for a position for Spriggs but based on her credentials there is currently no position in the school system that she can be placed.

41. The DCPS never complied with the General Counsel's August 11, 2006 Order,

nor has the DCPS since placed Spriggs is an ET-15 Teacher position, paid back pay, or provided or restored all of Duckett's retirement and other benefits as required by the OEA and the General Counsel.

## VIOLATIONS OF CIVIL RIGHTS – 42 U.S.C. § 1983

42. Plaintiffs incorporate herein each and every allegation stated above.

43. Defendants Pamela Graham and Clifford B. Janey, acting under color of law, deprived Plaintiffs of their property without substantive or procedural due process of law, in violation of the Fifth Amendment, when the District of Columbia, through the District of Columbia Public Schools, refused and continues to refuse to comply with the final Order of the Office of Employee Appeals without providing Plaintiffs any procedural protections.

44. Defendant District of Columbia, acting through the District of Columbia Public Schools, Pamela Graham, Clifford B. Janey, and/or other unknown persons deprived Plaintiffs of their property without substantive or procedural due process of law in violation of the Fifth Amendment, when it refused and continues to refuse to comply with the final Order of the Office of Employee Appeals. The District of Columbia is liable for the actions of its employees in the District of Columbia Public Schools and/or these other unknown persons because these unknown persons are final policymakers regarding the payments of wages and benefits owed by District of Columbia Public Schools to its employees, they acted in such a way as to refuse to reinstate Plaintiffs' to ET-15 Teacher positions, or because they acted pursuant to a custom or policy of the District of

Columbia not to pay wages and benefits owed by District of Columbia Public Schools to its employees.

45. Defendant District of Columbia, acting through the District of Columbia Public Schools, Pamela Graham, Clifford B. Janey, and/or other unknown persons violated of Plaintiffs' Fifth Amendment rights causing the Plaintiffs to sustain direct and consequential damages, including, but not limited to, lost pay, position and other benefits, emotional pain, mental anguish, humiliation and embarrassment, damage to Plaintiffs' professional reputation and career, damage to the Plaintiffs' reputation in the community, justification of awards in amount to be determined at trial.

WHEREFORE, Plaintiffs request judgment against the Defendants as follows:

a. An Order declaring that the acts and practices complained of herein are in violations of the Plaintiffs' civil rights and enjoining and permanently restraining these violations.

b. An Order directing the District of Columbia and the District of Columbia Public Schools to comply with the Office of Employee Appeals final decisions granting the Plaintiffs' retroactive back pay, reinstatement, retroacting benefits, including, but not limited to, retroactive health insurance, life insurance, dental insurance, retroactive service retirement credits and seniority, lost leave, retroactive contributions to Plaintiffs' tax sheltered thrift savings plans, restored contributions made by Plaintiffs and Defendants to retirement plans, reinstatement to a ET-15 Teacher position, and attorney's fees and costs.

c. General and special damages according to proof at the time of the trial including, but not limited to, compensatory damages for pain and suffering and damage to

the Plaintiffs' professional reputations; prejudgment interest on any award; Plaintiffs' costs; Plaintiffs' attorney's fees and costs; and such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues.

Respectfully Submitted,

By: _____
Omar Vincent Melehy, Esq. Bar No: 415849
Andrew J. Perlmutter, Esq. Bar No.: 489601
Melehy & Associates, LLC
8403 Colesville Rd., Suite 610
Silver Spring, MD 20910
Phone: (301) 587-6364
Fax:    (301) 587-6308
Email: ovmelehy@melehylaw.com
           aperlmutter@melehylaw.com

*Attorneys for Plaintiffs*

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
Paula Duckett; Carolyn Sessoms; Connie Spriggs

## DEFENDANTS
District of Columbia; Clifford B. Janey; Pamela Graham

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    P.G. Cty, MD
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    D.C.
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Omar Vincent Melehy, Melehy & Associates LLC, 8403 Colesville Road, Suite 610, Silver Spring, Maryland 20910  (301) 587-6364

ATTORNEYS (IF KNOWN)
Unknown

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)     OR     ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ⦿ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 U.S.C. Sec. 1983; Plaintiffs were denied property rights awarded by the D.C. Office of Employee Appeals

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐  DEMAND $ Backpay, Atty Fees, Emot. Damg,  JURY DEMAND: YES ☒ NO ☐  Check YES only if demanded in complaint

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE: June 19, 2007   SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.