IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PAULA DUCKETT**, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 1:07-cv-01116 |
| | ) |
| **DISTRICT OF COLUMBIA**, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT**

Plaintiffs, Paul Duckett, Connie Spriggs, Carolyn Witcher-Sessoms, by and through counsel, Omar Vincent Melehy, Esq. and the law firm of Melehy & Associates, LLC hereby moves this Court for leave to file their proposed Second Amended Complaint pursuant to Fed.R.Civ.P. 15(a). The purpose of the Second Amended Complaint is to add a claim for punitive damages, to make minor corrections and non-substantive changes. In support of this motion, Plaintiff states as follows:

1. Plaintiffs' counsel contacted counsel for Defendants and asked whether Defendants will oppose the motion. Defendants' counsel has indicated that Defendants will oppose the motion.

2. Leave to amend a complaint "shall be freely given if justice so requires." Fed.R.Civ.P. 15(a). The only substantive change to the First Amended Complaint is a claim for punitive damages which are recoverable under title 42 U.S.C. § 1983. *See Johnson v. Railway Express Agency Inc.,* 421 U.S. 454, 460 (1975); *Acosta v. University of the District of Columbia,* 528 F. Supp. 1215, 1225 (1981). Therefore, there is no reason not to allow the amendment.

## CONCLUSION

For the reasons stated above, Plaintiff hereby respectfully requests that this Court enter an order granting Plaintiffs leave to file their proposed Second Amended Complaint and that the Second Amended Complaint be deemed filed on the date the order is issued.

Respectfully submitted,

_____
Omar Vincent Melehy
Melehy & Associates LLC
8403 Colesville Road, Suite 610
Silver Spring, Maryland 20910
Phone: (301) 587-6364
Fax:    (301) 587-6308

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of August, 2007, a copy of the foregoing **Motion for Leave to File Second Amended Complaint** was sent by facsimile and mailed first-class mail, postage pre-paid to:

Toni Michelle Jackson, Esq.
Assistant Attorney General
Office of the Attorney General
for the District of Columbia
441 4th Street, N.W., Suite 6S052
Washington, DC 20001
Fax: (202) 727-3625

_____
Omar Vincent Melehy

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PAULA DUCKETT**, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:07-cv-01116 |
| ) | |
| **DISTRICT OF COLUMBIA**, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

UPON CONSIDERATION of Plaintiffs' Motion for Leave to File Their Second Amended Complaint, and any opposition thereto, it is this _____ day of _____, 2007,

**ORDERED**, that Plaintiffs' Motion is hereby GRANTED; and it is further,

**ORDERED**, that Plaintiffs are hereby granted leave to file their Second Amended Complaint; and it is further,

**ORDERED**, that the Second Amended Complaint is deemed filed the date it was received by the Court.

_____
JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAULA DUCKETT, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:07-cv-01116 |
| ) | |
| DISTRICT OF COLUMBIA, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFFS' SECOND AMENDED COMPLAINT**

Paula Duckett, Carolyn Sessoms, and Connie Spriggs, by and through their undersigned counsel, Omar Vincent Melehy, and the offices of Melehy & Associates, LLC, amend the complaint in this action for a second time to include claims for punitive damages, to correct minor errors and to make non-substantive editorial changes. The Complaint is for injunctive and declaratory relief and for money damages to redress the deprivation of the Plaintiffs' rights, privileges and immunities under the Constitution and laws of the United States, namely, the Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983 because Defendants deprived the Plaintiffs' of their property without substantive or procedural due process of law. Specifically, Defendants are depriving Plaintiffs of back pay, rights to reinstatement, and other property awarded to the Plaintiffs by a judgment in separate actions against the District of Columbia Public Schools ("DCPS") by the District of Columbia Office of Employee Appeals without due process of law. In support of the Complaint, Plaintiffs state as follows:

## JURISDICTION

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331. The actions complained of occurred within the District of Columbia.

## PARTIES

2. Plaintiff Paula Duckett resides at 4619 Westridge Place, Temple Hills, MD 20748. The DCPS separated Duckett from her position as Assistant Principal with the DCPS on or about August 20, 2003.

3. Plaintiff Carolyn Sessoms resides at 12404 Crystal Pond Court, Upper Marlboro, MD 20772. The DCPS separated Sessoms from her position as Assistant Principal with the DCPS on or about August 15, 2003 due to the abolishment of her position.

4. Plaintiff Connie Spriggs resides at 5225 Connecticut Ave., N.W., Apt. 713, Washington, DC 20015. The DCPS separated Spriggs from her position as Assistant Principal with the DCPS on or about September 30, 2002.

## DEFENDANTS

5. Defendant District of Columbia controls the District of Columbia Public Schools.

6. Defendant Clifford B. Janey was the Superintendent of the District of Columbia Public Schools until Monday, June 11, 2007. Janey was hired directly by the school board and operates as the chief executive officer for the District of Columbia Public Schools.

7. Defendant Pamela Graham is the Chief Financial Office for the District of Columbia Public Schools. Graham handles also fiscal responsibilities for the District of Columbia Public Schools, including all accounts receivable, payroll, and other expenses

to be paid by her office, including the payment of all back pay awarded against the District of Columbia Public Schools.

8. Defendant Michelle Rhee was appointed the new Acting Chancellor of the District of Columbia Public Schools on June 12, 2007 after Defendant Clifford B. Janey was terminated from his position as the Superintendent of the District of Columbia Public Schools.

### FACTS: PLAINTIFF PAULA DUCKETT

9. On or about August 20, 2000, Duckett was promoted to the position of ET-08 Assistant Principal with the DCPS. This was a non-tenured position for one year, but the position was renewed for a second year on or about August 21, 2001, and renewed again for a third year on or about August 20, 2002. The DCPS elected not to renew the contract for a forth one year term and abolished the position through a reduction-in-force ("RIF"). The DCPS abolished her position effective August 15, 2003. The DCPS took no steps to place Duckett in another position when her Assistant Principal position was abolished.

10. Duckett appealed the DCPS's decision to the District of Columbia Office of Employee Appeals ("OEA") on August 19, 2003, challenging her termination from DCPS. Duckett successfully argued that pursuant to 5 DCMR 520.3, she had a vested right to automatically revert to a ET-15 Teacher position after her Assistant Principal position was abolished. On Appeal, the OEA held that Duckett's retirement was a form of constructive discharge, and that the OEA had jurisdiction over Duckett's appeal, a ruling which the DCPS did not challenge on appeal. The OEA issued an initial decision on September 16, 2004, ruling that the DCPS improperly constructively discharged Duckett and that the DCPS must place Duckett back into an ET-15 Teacher position,

3

retroactive to August 20, 2003 and restore all of Duckett's ET-15 Teacher benefits, including, but not limited to back pay, retirement, and all other relevant benefits, retroactive to August 20, 2003. The Order directed the DCPS to comply with the Order within thirty days from the date the OEA's decision became final.

11. The OEA's decision became final on October 21, 2004, thirty-five days after its Issuance and DCPS was obligated to comply with the Order no later than November 22, 2004.

12. On November 10, 2004, Duckett filed her Motion for an Award if Attorney's Fees and Costs and Motion to Keep the Record Open for Additional Documentation of Attorney's Fees and Costs and her Memorandum in Support of her Motion for Award of Attorney's Fees and Costs. Duckett requested $5,077.50 in attorney's fees and $53.57 in costs, which was an accurate accounting of attorney's fees and costs at the motion was filed – November 10, 2004.

13. On November 29, 2004, Duckett filed a Motion to Enforce Judge Quander's Reinstatement Order. At the time Duckett filed her Motion to Enforce, she had neither received an offer of an ET-15 teaching position nor had she been reinstated. Furthermore, the DCPS failed to restore any of Duckett's benefits or pay, including, but not limited to, Duckett's life insurance, health insurance, dental insurance, or back pay. Additionally, the DCPS had not paid her for any portion of its contribution to her health or dental insurance during the period of separation, made contributions to her tax-sheltered thrift savings plan, restored her retirement service credits and seniority, restored her retirement contributions or made its own contributions to her retirement plan, or restored her lost leave.

4

14. The DCPS responded to Duckett's Motion to Enforce Judge Quander's Reinstatement Order by arguing that Duckett had not been reinstated to an ET-15 teaching position because her teaching certification in Elementary Education had lapsed on August 22, 2000 and the No Child Left Behind Act prohibited the DCPS from employing her as an ET-15 Teacher. The DCPS stated that Duckett must establish that she had a valid certification before it would place her in an ET-15 teaching position.

15. On March 23, 2005, Judge Quander issued his Initial Decision on Attorney's Fees reducing Duckett's request for 19.9 hours of expended time to 16.0 hours, or $3,759.96 in attorney's fees and costs of $53.57, for a total award of attorney's fees and costs of $3,813.53. The award of attorney's fees was for time expended and costs incurred up until November 10, 2004. DCPS paid this award.

16. On January 11, 2006, Judge Quander issued an Addendum Decision on Compliance which held that the DCPS had not complied with the OEA's October 22, 2004, final decision and he certified the matter to the OEA's General Counsel for enforcement.

17. On August 18, 2006, the General Counsel issued an Order on Compliance under D.C. Official Code § 1-606.02(a)(6), which gave that Office the authority to "order any agency or employee of the government of the District of Columbia to comply with an order or decision issued by the Office under the authority of this chapter and to enforce compliance with the order or decision." Pursuant to that authority, the General Counsel ordered the DCPS to submit the following to the Office of the General Counsel by the close of business on September 11, 2006: documents verifying that it has complied with the final decision of this Office which demonstrate that Duckett has been placed in an

ET-15 Teacher position, made retroactive to August 20, 2003, and documents demonstrating that it had restored all benefits including, but not limited to, retirement and other benefits without a break in service to August 20, 2003.

18. On October 21, 2006, the DCPS submitted its Response to Duckett's counsel's submissions. In its response, the DCPS stated that it is still looking for an open position for Duckett and, based on her credentials, there is currently no position in the school system in which she can be placed. The DCPS stated that it must locate a funded position in order to place Duckett on a salary status.

19. The DCPS never complied with the General Counsel's August 18, 2006 Order, nor has the DCPS since placed Duckett is an ET-15 Teacher position, paid back pay, or restored any of Duckett's retirement or other benefits as required by the OEA and the General Counsel as of the date of the filing of this Complaint.

## FACTS: PLAINTIFF CAROLYN SESSOMS

20. Sessoms held a permanent position as an ET-15 Teacher with DCPS since 1996. On or about August 20, 2000, Sessoms was promoted for a one year term to the position of ET-08 Assistant Principal. Her appointment was renewed for a second year on or about August 20, 2001, and renewed again for a third year on August 20, 2002. Just before completing her third one year appointment, her Assistant Principal Position was abolished, effective August 15, 2003. The DCPS took no steps to place Sessoms in an ET-15 Teaching position.

21. Sessoms appealed her termination to the OEA on August 22, 2003. Sessoms successfully argued that pursuant to 5 DCMR 520.3, she had a vested right to automatically revert to a ET-15 Teacher position, effective on or about August 15, 2003.

Pursuant to certain provisions of the No Child Left Behind Act on January 2002, all teachers in the DCPS must be "highly qualified," as defined by the Act, and each teacher in the system must likewise be fully certified by the Agency's Office of Academic Credentialing and Accreditation and hold a valid teaching license to continue teaching in the public schools. The DCPS then took the position that Sessoms must bear the burden of proving that she was properly and currently licensed and credentialed before she could lay claim to an ET-15 Teacher position. Judge Quander found that Sessoms was duly qualified, licensed, and properly certified to teach elementary education grades 1 through 6. Judge Quander then ruled that the DCPS erred when it failed to reinstate Sessoms to an ET-15 Teacher position after her term as Assistant Principal had expired. Judge Quander ordered that the DCPS place Sessoms in a position of ET-15 Teacher, restore all of her retirement and benefits, and award back pay from August 15, 2003 forward. Judge Quander also ordered DCPS to file with the OEA thirty days from the date on which the decision becomes final documents showing compliance with the terms of his Order.

22. The DCPS did not appeal the decision and it became final on January 18, 2005. The Order provided that the DCPS had thirty days following the date on which the decision became final, which was February 17, 2005, in which to provide documentation to the OEA demonstrating its compliance with the Order.

23. Sessoms filed a Motion for Enforcement of Judge Quander's Reinstatement Order on February 18, 2005. As of that date, Sessoms had not been offered an ET-15 Teacher position nor had she been reinstated and DCPS had not restored any of Sessom's benefits back pay, or any retirement benefits or any other benefits. The DCPS claims that on or about January 19, 2005, counsel for Sessoms, upon inquiry, was faxed a copy of a letter

dated December 28, 2004, in which Sessoms was offered an ET-15 Teacher position provided she reported to the DCPS by January 12, 2005. However, the letter was sent to an incorrect address at which Sessoms has never lived; therefore, she never received the offer. Counsel for Sessoms informed the DCPS that the letter had been sent to the incorrect address and requested that an offer with a new deadline be sent to Sessoms. DCPS never made any other offer to Sessoms.

24. The DCPS issued no response to Sessom's Motion for Enforcement of Judge Quander's Reinstatement Order.

25. On February 18, 2005, Sessoms filed her Motion for an Award of Attorney's Fees and Costs and Motion to Keep Record Open for Additional Documentation of Attorney's Fees and Costs and Memorandum in Support of Employee's Motion for Award of Attorney's Fees and Costs. Sessoms requested $7,074.00 in attorney's fees and $45.15 in costs, which was an accurate accounting of attorney's fees and costs incurred as of February 17, 2005.

26. On June 10, 2005, Judge Quander issued his Addendum Decision on Attorney's Fees awarding $3,625.15 in attorney's fees and $45.15 in costs, for a total award of $3,670.15 to Sessoms. The award of attorney's fees was for work performed through February 17, 2005.

27. On January 13, 2006, Judge Quander issued an Addendum Decision on Compliance stating that the DCPS never complied with OEA's December 13, 2004 Order which became final on January 19, 2005 and Judge Quander certified the matter to the General Counsel for enforcement.

28. On February 19, 2005, the DCPS provided its Response to the Decision on

Compliance. In its response, the DCPS stated that it had sent notice of a specific duty assignment, on December 28, 2004 and February 3, 2005 to Sessoms' incorrect mailing address and she never responded to the offer of employment.

29. On September 6, 2006, the General Counsel issued its Order on compliance, stating that the DCPS had thirty days after the OEA's decision became final to comply with the Order and failed to do so by the deadline. On January 13, 2006, the Administrative Judge issued his Addendum Decision on Compliance and the DCPS failed to comply with that Order as well. The General Counsel issued an Order on Compliance under D.C. Official Code § 1-606.02(a)(6), which gave that Office authority to "order any agency or employee of the government of the District of Columbia to comply with an order or decision issued by the Office under the authority of this chapter and to enforce compliance with the order or decision." Pursuant to that authority, the General Counsel ordered the DCPS to submit documents to the Office of the General Counsel by the close of business of September 27, 2006, demonstrating that it has complied with the final decision of this Office, including, but not limited to, demonstrating that Sessoms had been placed in an ET-15 Teacher position, made retroactive to August 15, 2003, and that it had restored all of Sessom's benefits, including, but not limited to, retirement and other benefits without a break in service to August 15, 2003.

30. The DCPS has never complied with the General Counsel's September 6, 2006 Order nor has the DCPS placed Sessoms in an ET-15 position, paid back pay, or restored all of Sessoms' retirement and other benefits.

## FACTS: PLAINTIFF CONNIE SPRIGGS

31. Spriggs held a permanent position as an ET-15 Teacher from approximately 1977 until approximately October 16, 1999, when she received a promotion under a three-year grant program known as the 21st Century Learning Centers grant. She was temporarily promoted to an ET-08 Assistant Principal for a period not to exceed September 30, 2002. The grant was not renewed at the conclusion of Spriggs third year and the Assistant Principal position terminated on September 30, 2002. The DCPS took no further steps to place Spriggs in an ET-15 Teaching position. Spriggs was forced to retire as a result.

32. On or about July 24, 2003 Spriggs filed an appeal with the OEA challenging her constructive termination. She filed a Motion and Memorandum Supporting Summary Judgment, arguing that the DCPS violated its own regulations when it failed to place her in an ET-15 Teacher position when her temporary appointment as an Assistant Principal expired on September 30, 2002. On December 3, 2002, Spriggs filed a supplemental pleading titled Appellant's Statement of Jurisdiction, arguing that the OEA had jurisdiction of this matter despite the fact Spriggs' appeal had not been filed within thirty days of her termination, because the DCPS did not advise her of her appeal rights. The DCPS agreed that because it did not advise Spriggs of her appeal rights the OEA has jurisdiction over her appeal. The DCPS also agreed that because of the governing regulations, Spriggs also had a right to be placed in an ET-15 Teacher position at the conclusion of her tenure as an Assistant Principal. Spriggs' Motion for Summary Judgment was granted and Judge Quander concluded that Spriggs' retirement was

10

involuntary and was a direct result of the DCPS' failure to place her in an ET-15 Teacher position when her term as Assistant Principal expired.

33. Judge Quander held that the DCPS must place Spriggs in an ET-15 Teacher position, retroactive to September 30, 2002, and that the DCPS must restore all of her ET-15 teacher benefits, including, but not limited to, retirement and time served retroactive to September 30, 2002 and pay back pay from the expiration of her term as Assistant Principal on September 30, 2002. Judge Quander ordered that the DCPS must comply with this decision within thirty days of it becoming final.

34. Judge Quander's initial decision became a final decision on September 27, 2004, thirty-five days after it was issued. The DCPS was required to comply with the Order no later than October 27, 2004.

35. The DCPS failed to comply with the Order by October 27, 2004 and as of the morning of October 28, 2004 Spriggs had neither received an offer of an ET-15 Teacher position nor had she received back pay. The DCPS also had not restored any of Spriggs' benefits. Additionally, the DCPS had not paid Spriggs' any of her back pay. On October 28, 2004, Spriggs filed a Motion for Enforcement of Judge Quander's Reinstatement Order.

35. On October 22, 2004, Spriggs filed her Motion for an Award of Attorney's Fees and Costs and Motion to Keep Records Open for Additional Documentation of Attorney's Fees and Costs and Memorandum in Support of Employee's Motion for Award of Attorney's Fees and Costs. Spriggs requested $5,040.00 in attorney's fees for 20 hours of work and $48.94 in costs. On November 12, 2004 the DCPS filed its Response to Order of Enforcement and stated that Spriggs' was only certified as a Dental

11

Technician and asserted that no positions were available for a teacher with this certification. The DCPS also asserted that the No Child Left Behind Act prohibited the DCPS from placing Spriggs in any position throughout the school system. The DCPS asserted that since Spriggs' was not certified to teach any subject in the public school system, it was not required to reinstate her.

35. On November 22, 2005, Judge Quander issued his Addendum Decision on Compliance which stated that his August 24, 2004 decision (which became a final decision on September 29, 2004) had not been complied with by the DCPS and he certified the matter to the OEA's General Counsel for enforcement.

36. On December 6, 2004, Judge Quander issued his Addendum Decision on Attorney's Fees awarding $4,420.00 in attorney's fees and $48.94 in costs, for a total award of $4,468.94. This award covered time expended and costs incurred through October 22, 2004. The DCPS paid this award.

37. On August 11, 2006, the General Counsel issued its Order on compliance which stated that the DCPS had thirty days after the OEA's decision to comply with the Order and failed to do so by the deadline. Then on November 22, 2005, the Administrative Judge issued his Addendum Decision on Compliance and the DCPS failed to comply with that Order as well. The General Counsel then issued an Order on Compliance ordering DCPS to submit documents to the Office of the General Counsel by the close of business of September 1, 2006 demonstrating that the DCPS has complied with the final decision of this Office, including, but not limited to, documents demonstrating that Sessoms had been placed in an ET-15 Teacher position, to September 20, 2002, and

restoring all of Sessom's benefits, including, but not limited to, retirement and time served to September 20, 2002.

38. On October 21, 2006, the DCPS submitted its Response to the Employee Counsel Submissions stating that it was still actively looking for a position for Spriggs but based on her credentials there is currently no position in the school system that she can be placed.

39. The DCPS never complied with the General Counsel's August 11, 2006 Order, nor has the DCPS since placed Spriggs is an ET-15 Teacher position, paid back pay, or provided or restored all of Duckett's retirement and other benefits as required by the OEA and the General Counsel.

## VIOLATIONS OF CIVIL RIGHTS – 42 U.S.C. § 1983

40. Plaintiffs incorporate herein each and every allegation contained in paragraphs 1-39 above.

41. Defendants Pamela Graham, Clifford B. Janey, and Michelle Rhee, acting under color of law, deprived Plaintiffs of their property without substantive or procedural due process of law, in violation of the Fifth Amendment, when the District of Columbia, through the District of Columbia Public Schools, refused and continues to refuse to comply with the final Order of the Office of Employee Appeals without providing Plaintiffs any procedural protections.

42. Defendant District of Columbia, acting through the District of Columbia Public Schools, Pamela Graham, Clifford B. Janey, Michelle Rhee, and/or other unknown persons deprived Plaintiffs of their property without substantive or procedural due process of law in violation of the Fifth Amendment, when it refused and continues to

refuse to comply with the final Order of the Office of Employee Appeals. The District of Columbia is liable for the actions of its employees in the District of Columbia Public Schools and/or these other unknown persons because these unknown persons are final policymakers regarding the payments of wages and benefits owed by District of Columbia Public Schools to its employees, they acted in such a way as to refuse to reinstate Plaintiffs' to ET-15 Teacher positions, or because they acted pursuant to a custom or policy of the District of Columbia not to pay wages and benefits owed by District of Columbia Public Schools to its employees.

43. Defendant District of Columbia, acting through the District of Columbia Public Schools, Pamela Graham, Clifford B. Janey, Michelle Rhee and/or other unknown persons violated of Plaintiffs' Fifth Amendment rights causing the Plaintiffs to sustain direct and consequential damages, including, but not limited to, lost pay, position and other benefits, emotional pain, mental anguish, humiliation and embarrassment, damage to Plaintiffs' professional reputation and career, damage to the Plaintiffs' reputation in the community, justification of awards in amount to be determined at trial.

44. At all times relevant to the Complaint, Defendants acted intentionally and/or with malice and/or with full knowledge that they were violating Plaintiffs' federally-protected rights and/or with reckless disregard for the Plaintiff's federally-protected rights.

WHEREFORE, Plaintiffs request judgment against the Defendants as follows:

a. An Order declaring that the acts and practices complained of herein are in violations of the Plaintiffs' civil rights and enjoining and permanently restraining these violations.

b. An Order directing the District of Columbia and the District of Columbia Public Schools to comply with the Office of Employee Appeals final decisions granting the Plaintiffs' retroactive back pay, reinstatement, retroacting benefits, including, but not limited to, retroactive health insurance, life insurance, dental insurance, retroactive service retirement credits and seniority, lost leave, retroactive contributions to Plaintiffs' tax sheltered thrift savings plans, restored contributions made by Plaintiffs and Defendants to retirement plans, reinstatement to a ET-15 Teacher position, and attorney's fees and costs.

c. General and special damages according to proof at the time of the trial including, but not limited to, compensatory damages for pain and suffering and damage to the Plaintiffs' professional reputations; prejudgment interest on any award; Plaintiffs' costs; Plaintiffs' attorney's fees and costs; and such other and further relief as the Court may deem just and proper.

d. Punitive damages.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues.

Respectfully Submitted,

*/s/ Omar Vincent Melehy*
Omar Vincent Melehy, Esq.
Bar No: 415849
Melehy & Associates, LLC
8403 Colesville Rd., Suite 610
Silver Spring, MD 20910
Phone: (301) 587-6364
Fax:    (301) 587-6308
Email: ovmelehy@melehylaw.com
*Attorneys for Plaintiffs*

### CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of August, 2007, a copy of the forgoing **SECOND AMENDED COMPLAINT** was, as an Exhibit to Plaintiff's Motion for Leave to File Second Amended Complaint, transmitted by facsimile and mailed first-class mail to:

Toni Michelle Jackson
Assistant Attorney General
Office of the Attorney General
for the District of Columbia
441 4th Street, N.W., Suite 6S052
Washington, DC 20001
Fax: (202) 727-3625

*/s/ Omar Vincent Melehy*
Omar Vincent Melehy