IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAULA DUCKETT, CAROLYN SESSOMS, AND CONNIE SPRIGGS,<br><br>    Plaintiffs,<br><br>    v.<br><br>DISTRICT OF COLUMBIA, *et. al.*<br><br>    Defendants. | Case No. 07-01116 (JR) |

**DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendants District of Columbia ("District"), Michelle Rhee, Clifford B. Janey and Pamela Graham (collectively the "defendants"), move to dismiss the plaintiffs' Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). As grounds for this motion, the defendants state as follows:

1. This Court lacks subject matter jurisdiction over this matter.

2. Plaintiffs' Second Amended Complaint fails to state a claim for municipal liability under 42 U.S.C. § 1983 and the doctrine of *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658, 694 (1978);

3. The wrongdoing alleged in the Second Amended Complaint does not rise to the level of a constitutional violation;

4. Chancellor Rhee, Mr. Janey and Ms. Graham are not proper parties to this action; and

5. In the alternative, Chancellor Rhee, Mr. Janey and Ms. Graham are entitled to qualified immunity in a suit against them in their official capacity.

A Memorandum of Points and Authorities and a proposed Order are

attached hereto. Because this is a dispositive motion, the District is not required to seek consent pursuant to LCvR 7.1(m).

Dated: September 13, 2007.  Respectfully submitted,

LINDA SINGER
Attorney General

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

\_\_\_\_\_/s/Nicole L. Lynch_____
NICOLE L. LYNCH (471953)
Chief, General Litigation Section II

\_\_\_\_\_/s/Toni Michelle Jackson\_\_\_\_
TONI MICHELLE JACKSON (453765)
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S052
Washington, D.C. 20001
(202) 724-6602
(202) 727-3625 (fax)
E-mail: toni.jackson@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of September, 2007, I caused the foregoing **DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT,** to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

**Omar Vincent Melehy, Esquire
MELEHY & ASSOCIATES, LLC
8403 Colesville Rd., Suite 610
Silver Spring, MD 20910**

\_\_\_\_\_/s/Toni Michelle Jackson\_\_\_\_
TONI MICHELLE JACKSON
Assistant Attorney General

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAULA DUCKETT, CAROLYN SESSOMS, AND CONNIE SPRIGGS,<br><br>Plaintiffs,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et. al.*<br><br>Defendants. | Case No. 07-01116 (JR) |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

**I.     INTRODUCTION**

The court should dismiss plaintiffs' Second Amended Complaint for lack of subject matter jurisdiction, and for failure to state a claim upon which relief can be granted. Plaintiffs' constitutional claim is defective as a matter of law. Plaintiffs assert that the District violated the Fifth and Fourteenth Amendments to the Constitution and 42 U.S.C. §1983 by "depriving plaintiffs of their property without substantive or procedural due process of law." (*See* Second Amended Complaint, at p. 1.). Plaintiffs' claims are without merit as a matter of law, their claims were fully adjudicated in the precise procedural and administrative regime that created and defined their alleged rights. Their next step is to file an appeal in D.C. Superior Court, not federal court. Whatever the perceived flaws of the District's actions, they are not of a constitutional dimension. Nor are the policy matters involved in this case appropriate for resolution by a federal court, as discussed in detail *infra*.

3

Finally, Chancellor Rhee, Mr. Janey and Ms. Graham are not proper parties to this action. Alternatively, Chancellor Rhee, Mr. Janey and Ms. Graham are entitled to qualified immunity in a suit against them in their official capacity.

## II. STATEMENT OF FACTS

Plaintiffs filed suit on June 21, 2007, alleging violations of the Fifth and Fourteenth Amendments to the Constitution and 42 U.S.C. §1983. (*See* Second Amended Complaint, at p. 1.). On August 29, 2007, plaintiffs filed their Second Amended Complaint alleging violations of 42 U.S.C. §1983, and the Fifth and Fourteenth Amendments of the U.S. Constitution. (*See* Amended Complaint, *et. seq.*). Specifically, plaintiffs allege that the District deprived them of their property interests in their jobs without substantive or procedural due process of law. (*Id.*, at p. 1.). Plaintiffs seek back pay, reinstatement, declaratory and injunctive relief, general and special damages, and punitive damages. (*Id.*, at p. 15.).

In the Second Amended Complaint, plaintiffs recount their employment history with the D.C. Public Schools ("DCPS"). Notably, all three plaintiffs held principal positions with DCPS in 2002 and 2003. (*Id.*, ¶¶2-4). Plaintiff Duckett chose to retire from DCPS on August 20, 2003, Plaintiff Sessoms chose to retire on August 15, 2003, and Plaintiff Spriggs chose to retire on September 30, 2002. (*Id.*).

### A. *Duckett's Allegations*

In the Second Amended Complaint, plaintiff Duckett states that she was promoted to an Assistant Principal position with DCPS in August 2000, and her

4

position was abolished thorough a reduction in force ("RIF") in August 2003. (Second Amended Complaint, ¶ 9.). According to Duckett, DCPS failed to place her in another position, and she challenged her termination before the Office of Employee Appeals ("OEA") on August 19, 2003. (*Id.*). On appeal, Judge Quander ruled that Duckett was "improperly constructively discharged," and ordered DCPS to place Duckett in a teacher position within DCPS. (*Id.*, ¶ 10.). Judge Quander ordered DCPS to reinstate Duckett to a teaching position, restore her retirement and benefits, and awarded back pay to the date of termination. (*Id.*)

### B.   *Sessoms' Allegations*

Plaintiff Sessoms states that she was promoted to an Assistant Principal position with DCPS in August 2000, and her position was abolished in August 2003. (Second Amended Complaint, ¶ 20.). According to Sessoms, DCPS failed to place her in another position, and she challenged her termination before OEA. (*Id.*). On appeal, Judge Quander ordered DCPS to reinstate Sessoms to a teaching position, restore her retirement and benefits, and awarded back pay to the date of termination. (*Id.*).

### C.   *Spriggs' Allegations*

Plaintiff Spriggs states that she was promoted to an Assistant Principal position with DCPS in October 1999 pursuant to a three-year grant program, her position was abolished when the grant expired in September 2003. (Second Amended Complaint, ¶ 31.). According to Spriggs, DCPS failed to place her in another position, and she chose to retire. (*Id.*). Spriggs challenged her

5

termination before OEA on July 24, 2003. (*Id.*). On appeal, Judge Quander ordered DCPS to reinstate Spriggs to a teaching position, restore her retirement and benefits, and awarded back pay to the date of termination. (*Id.*).

The OEA General Counsel issued Orders on Compliance for all three plaintiffs in 2006, pursuant to D.C. Code §1-606.02 (a)(6). (*Id.*, ¶¶ 17, 29, and 37.). To date, none of the plaintiffs have been reinstated.

In the Second Amended Complaint, however, the plaintiffs describe no wrongdoing by Mr. Janey, Chancellor Rhee, or Ms. Graham, no knowledge of or participation by them in any of the acts alleged in the Second Amended Complaint, or any District of Columbia policy or custom that could give rise to any liability on their part in this case. Moreover, Chancellor Rhee was not employed by the District until June 2007.

## III.  STANDARD OF REVIEW

In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), the court must accept all the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *See, e.g., Pitney Bowes v. United States Postal Serv.,* 27 F. Supp. 2d 15, 19 (D.D.C. 1998). The plaintiff bears the burden of establishing that the court has jurisdiction. *See District of Columbia Retirement Bd. v. United States,* 657 F. Supp. 428, 431 (D.D.C. 1987). However, the Court is not required to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations. *See, e.g., Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th

Cir. 1990). Moreover, the court may consider such materials outside the pleadings as it deems appropriate to determine whether it has jurisdiction in the case. *See Herbert v. National Academy of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992).

In the alternative, a motion to dismiss for failure to state a claim upon which relief can be granted is intended solely to test the legal sufficiency of the complaint, and in so doing, the motion admits all facts well pleaded but contests Plaintiff's right to recover under those facts. *See Johnson v. District of Columbia*, 368 F. Supp. 2d 30, 36 (D.D.C. 2005).

For many years, the oft-cited standard of review in determining the sufficiency of a complaint when faced with a motion to dismiss was that set forth by the Supreme Court in *Conley v. Gibson* "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. 41, 45-46 (1957).

However, in the recent Supreme Court case of *Bell Atlantic Corp. v. Twombley*, 127 S. Ct. 1955 (2007), the Court re-examined *Conley*, observing that "*Conley*'s 'no set of facts' language has been questioned, criticized, and explained away long enough." *Bell Atlantic*, 127 S. Ct. at 1969. The Court concluded that "[t]he phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Conley*, then, described the breadth of opportunity to prove what an

7

adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival." *Id.* (citations omitted).

The Supreme Court in *Bell Atlantic* stated that a statement of grounds on which a complaint rests "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965. Rather, the Court now imposes a "plausibility" standard when judging the sufficiency of a complaint in the face of a motion to dismiss. *Id.* In this case, plaintiffs cannot meet this plausibility standard and their Second Amended Complaint must be dismissed.

## IV. ARGUMENT

### A. THIS COURT LACKS SUBJECT MATTER JURISDICTION

This Court lacks subject matter jurisdiction because plaintiffs have an adequate opportunity to raise their claims in D.C. Superior Court, pursuant to D.C. Code § 1-606.03(d). Section 1-606.03(d) provides:

> Any employee or agency may appeal the decision of the Office [of employee Appeals] to the Superior Court of the District of Columbia for a review of the record and such Court may affirm, reverse, remove, or modify such decision, *or take any other appropriate action the Court may deem necessary.*

D.C. Code § 1-606.03(d)(emphasis added).

Here, plaintiffs challenge DCPS's failure to reinstate them into teacher positions. "Such a question is not one of constitutional import; it is a question of state law and its resolution is best left to the local courts." *American Tower v. Williams*, 146 F. Supp. 2d 27, 31 (D.D.C. 2001), *aff'd without opinion*, 50 Fed. Appx. 448 (D.C. Cir. 2002). What plaintiffs claim as a breach of their

8

constitutional rights is nothing more than an attempt to enforce an administrative order. Plaintiffs' claims are essentially "state law claim[s] in federal garb." *Barwood, Inc. v. District of Columbia*, 202 F.3d 290, 294 (D.C. Cir. 2000).

In *Younger v. Harris,* the Supreme Court articulated a doctrine based on principles of comity and federalism. *See Younger v. Harris*, 401 U.S. 37, 27 L. Ed. 2d 669, 91 S. Ct. 746 (1971). The Court defined this notion of "federalism" as:

> [A] system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.

*Id.* at 44.

The Court employs a three-prong test to determine if *Younger* applies to a particular case: 1) is there an ongoing state proceeding; 2) are there important state interests; and 3) is there an adequate opportunity for plaintiff to raise federal claims. *See Ford v. Tait*, 163 F.Supp. 2d 57, 64-66 (D.C. 2001).

Applying these criteria to the case at bar, plaintiffs chose to appeal their terminations to OEA, and therefore there was an ongoing state proceeding. Pursuant to D.C. Code §1-606.03, that process provides for judicial review with the D.C. Superior Court. *See* D.C. Code § 1-606.03(d). *See Bridges v. Pratt, et. al.*, 84 F.3d 470, 476 (D.C. Cir. 1996).

Second, the plaintiffs chose to retire after their positions were abolished, either through a reduction in force or the funding source ended, which has been

9

found to be an important state interest. The "District has an important interest in its own ability to implement reductions in the size of its workforce." *Id.*, at 476.

Finally, plaintiffs have an adequate opportunity to raise their claims in D.C. Superior Court. All three OEA rulings ordered back pay, reinstatement, and restoration of all benefits. In addition, D.C. Code §1-606.03(d) states that the court may "take any other appropriate action the Court may deem necessary." See D.C. Code § 1-606.03(d). *But see Bridges*, 84 F.3d at 477. Based on the express language of § 1-606.03(d), plaintiffs are able adjudicate their claims in D.C. Superior Court, including their claims for compensatory damages, and declaratory and injunctive relief.

The only remedy sought by plaintiffs that would not be available to them in any forum is their claim for punitive damages. The plaintiffs' punitive damages request, whether from the official capacity defendants and/or the District, is barred in federal and Superior Court. In *City of Newport v. Fact Concerts*, 453 U.S. 247, 271 (1981), the United States Supreme Court specifically held that municipalities may not be subjected to punitive damages awards under 42 U.S.C. § 1983. Therefore, the defendants respectfully request that the court dismiss plaintiffs' Second Amended Complaint.

**B. THE CONSTITUTIONAL CLAIMS AGAINST THE DISTRICT AND OFFICIAL CAPACITY DEFENDANTS SHOULD BE DISMISSED BECAUSE THE PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983**

The plaintiffs allege that the District violated their Fifth Amendment and Fourteenth Amendment rights under the U.S. Constitution, and demand relief for these violations pursuant to 42 U.S.C. § 1983. (*See* Second Amended

10

Complaint, ¶¶ 40-44).  As explained in *Monell v. Dep't of Social Servs. of the City of New York*, the District can be held liable for the plaintiffs' constitutional claims only if the plaintiffs allege facts that indicate their injury was caused by a policy or custom of the District.  436 U.S. 658, 694 (1978); *see also City of Oklahoma City v. Tuttle*, 471 U.S. 808, 824 (1985).  According to the Supreme Court decision in *Monell*:

> a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a government's policy or custom … inflicts the injury that the government as an entity is responsible under § 1983."

436 U.S. at 694.

The Supreme Court further held in *Oklahoma City* that, "at the very least there must be an affirmative link between the policy and the particular constitutional violation alleged."  *Oklahoma City*, 471 U.S. at 824.  The *Oklahoma City* decision interpreted *Monell* as holding that "municipal liability should not be imposed *when the municipality was not itself at fault.*" *Id.* at 818 (emphasis added).

Here, even with all reasonable inferences taken in favor of the plaintiffs, the facts alleged in the Second Amended Complaint cannot permit a finding of a District of Columbia policy or custom that deprived them of their property interests in their jobs without substantive or procedural due process of law. (*See* Second Amended Complaint, at ¶¶ 41-44).  In fact, contrary to plaintiffs' allegations, their statements in their Second Amended Complaint indicate that they were afforded all of the substantive and procedural protections allowed under law. (*Id.,* ¶¶ 9-39.).  Plaintiffs seek to enforce these orders.  Furthermore,

even if such an inference could be made, there are no facts alleged in the Second Amended Complaint to suggest that the plaintiffs' allegations were the result of any such policy.

### C. PLAINTIFFS' FIFTH AND FOURTEENTH AMENDMENT CLAIMS DO NOT STATE A CONSTITUTIONAL VIOLATION

The Fifth Amendment of the U.S. Constitution guarantees each individual equal protection under the laws, including federal, state, and municipal statutes and ordinances.[1]  A law can be a facial violation of equal protection, or a facially valid law can be unconstitutionally applied in a manner that violates an individual's equal protection rights.

Here, the plaintiffs allege that the District is liable for their alleged injuries because it deprived them of their property interests in their jobs without substantive or procedural due process of law. (*See* Second Amended Complaint, at ¶¶ 41-44).

#### 1. Due Process Clause

The Supreme Court has ruled that "the Due Process Clause does not impose an independent federal obligation upon municipalities to provide certain minimum levels of safety and security in the workplace." *Collins v. City of Harker Heights*, 503 U.S. 115, 130 (1992).  Nor was the Court "persuaded that the city's alleged failure to train its employees . . . was an omission that can properly be

---

[1] The Fourteenth Amendment expands the protections of the Fifth Amendment to apply to the states.  Because the District is not a state, the Fourteenth Amendment does not apply to the District of Columbia.  However, the equal protection doctrines arising out of the Fourteenth Amendment are equally applicable to the District under the Fifth Amendment.  *See Bolling v. Sharpe*, 347 U.S. 497, 499 (1954).

characterized as arbitrary, or conscience-shocking, in a constitutional sense." *Id.* at 128. It explained:

> Our refusal to characterize the city's alleged omission . . . as arbitrary in a constitutional sense rests on the presumption that the administration of government programs is based on a rational decisionmaking process that takes account of competing social, political, and economic forces. . . . The Due Process Clause "is not a guarantee against incorrect or ill-advised personnel decisions." . . . *Nor does it guarantee municipal employees a workplace that is free of unreasonable risks of harm.*

*Id.* at 128-29 (emphasis added). Finally, the Court ruled that plaintiff had "not alleged that the deprivation of this liberty interest was arbitrary in the constitutional sense." *Id.* at 129.

As applied here, the plaintiffs' allegations that the District deprived them of their property interests in their jobs without substantive or procedural due process of law, does not violate the plaintiffs' constitutional rights. "[P]roperty interests are not created by the Constitution, but derived from independent sources…." *Bd. Of Regents v. Roth*, 408 U.S. 564, 577 (1972).

The plaintiffs' claims are even more tenuous if they intend to allege that DCPS policies and procedures on which their constitutional claims depend have the status of District law. As the District of Columbia Court of Appeals has ruled, an agency protocol "is not itself a regulation whose violation by itself may support a finding of negligence, let alone gross negligence." *District of Columbia v. Henderson*, 710 A.2d 874, 877 (D.C. 1998). As the *Henderson* court also recognized, a rule that a deviation from an internal protocol constitutes negligence "would create the perverse incentive for the District to write its internal operating procedures in such a manner as to impose minimal duties upon

itself…rather than imposing safety requirements…that may far exceed those followed by comparable institutions." *Clark v. District of Columbia*, 708 A.2d 632, 636 (D.C. 1998). These rulings apply with even greater force when plaintiffs seek to convert a deviation from internal operating procedures into a tort of constitutional dimensions.

Plaintiffs have also failed to plead any facts to show a violation of their substantive due process rights. "Substantive due process 'prevents governmental power from being used for purposes of oppression, or abuse of government power that shocks the conscience, or action that is legally irrational [in that] it is not sufficiently keyed to any legitimate state interests.'" *Crockett v. D.C.*, 293 F.Supp.2d 63, 68 (D.C. 2003); quoting *Washington Teachers' Union v. Bd. Of Educ.*, 109 F.3d 774, 781 (D.C. Cir. 1997).

Here, plaintiffs have not set forth sufficient facts to survive the District's motion to dismiss their substantive and procedural due process claims. Plaintiffs simply cannot show, through the facts set forth in the Second Amended Complaint, the most critical element—an underlying constitutional violation. The process laid out in the D.C. Code § 1-606.03 will provide an adequate forum for asserting any claimed rights in D.C. Superior Court.

### D.  RHEE, JANEY AND GRAHAM ARE NOT PROPER PARTIES

Chancellor Rhee, Mr. Janey and Ms. Graham should be dismissed from this lawsuit because plaintiffs sued them in their official capacity. (*See* Second Amended Complaint, ¶¶ 6-8.). It is well settled that a "suit against a state official in his or her official capacity is not a suit against the official but rather is a suit

against the official's office." *Will v. United States*, 491 U.S. 58, 71 (1989*),* citing *Brandon v. Holt*, 468 U.S. 464 (1985).  Therefore, "there is no longer a need to bring official capacity actions against local government officials, for…local government units can be sued directly…." *Kentucky v. Graham*, 473 U.S. 159, 165-168 (1985).  *See Robinson v. District of Columbia*, 2005 U.S. Dist. LEXIS 3556 (D.D.C. 2005)(Mayor Williams dismissed from suit when named only in his official capacity.)  Based on the foregoing, Chancellor Rhee, Mr. Janey and Ms. Graham should be dismissed from this lawsuit because plaintiffs brought this action against them in their official capacity.

### E.  RHEE, JANEY AND GRAHAM ARE ENTITLED TO QUALIFIED IMMUNITY

Alternatively, the plaintiffs' Second Amended Complaint should be dismissed because Chancellor Rhee, Mr. Janey and Ms. Graham are entitled to qualified immunity.  *See Barham v. Ramsey*, 2006 U.S. App. LEXIS 807 * 14 (internal citations omitted) **(**"Qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'").

The Supreme Court outlined its two-part test for examining claims of qualified immunity:

> A court required to rule upon the qualified immunity issue must consider, then, this threshold question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the [official's] conduct violated a constitutional right?…If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity. On the other hand, if a violation could be made

15

out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established.

*Saucier v. Katz,* 533 U.S. 194, 201 (2001) (internal citations omitted).

In this case, in the absence of *any* facts describing Chancellor Rhee, Mr. Janey and Ms. Graham's participation in—or even awareness of—any of the acts described in the Second Amended Complaint, the Court cannot answer the threshold question in the affirmative. Furthermore, even if the plaintiffs had alleged that Chancellor Rhee, Mr. Janey and Ms. Graham knew of the circumstances alleged in the Second Amended Complaint, those circumstances do not show a violation of a "clearly established" right. Accordingly, the plaintiffs cannot recover in a suit against Chancellor Rhee, Mr. Janey and Ms. Graham in their official capacity as a matter of law.

## V. **CONCLUSION**

WHEREFORE, for the foregoing reasons, the defendants respectfully move that this Honorable Court dismiss the plaintiffs' Second Amended Complaint.

Dated: September 13, 2007.            Respectfully Submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____/s/Nicole Lynch_____
NICOLE L. LYNCH [471953]
Section Chief, General Litigation § II

____/s/Toni Michelle Jackson___

16

        TONI M. JACKSON (453765)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6602
Fax:  (202) 727-3625
E-Mail:  toni.jackson@dc.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PAULA DUCKETT, CAROLYN SESSOMS, AND CONNIE SPRIGGS,<br><br>  Plaintiffs,<br><br>   v.<br><br>DISTRICT OF COLUMBIA, *et. al.*<br><br>  Defendants. | Case No. 07-01116 (JR) |

### O R D E R

Upon consideration of the defendants Motion to Dismiss, the Memorandum of Points and Authorities attached in support thereof, any opposition thereto, and the entire record herein, it is on this ____ day of _____, 2007, that the Court hereby:

ORDERED that the Motion to Dismiss is GRANTED; and it further,

ORDERED that the plaintiffs' case against defendants is hereby DISMISSED, with prejudice.

_____
JUDGE JAMES ROBERTSON