**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

PAULA DUCKETT,  CAROLYN
SESSOMS, AND CONNIE SPRIGGS,

      Plaintiffs,

         v.

DISTRICT OF COLUMBIA, *et. al.*

         Defendants.

Case No. 07-01116 (JR)

**DEFENDANTS' REPLY BRIEF TO PLAINTIFF'S
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

For the reasons detailed in its Motion to Dismiss and elaborated in the following

Reply Brief, defendants District of Columbia ("District"), Michelle Rhee, Clifford B. Janey

and Pamela Graham (collectively the "defendants"), hereby reply to plaintiff's opposition

to the defendants' Motion to Dismiss the plaintiffs' Second Amended Complaint.

## I.    BACKGROUND

Plaintiffs allege violations of the Fifth and Fourteenth Amendments to the

Constitution and 42 U.S.C. §1983. (*See* Second Amended Complaint, at p. 1.).    The

District requests that the plaintiffs' claims be dismissed as follows:

1. This Court lacks subject matter jurisdiction over this matter.

2. Plaintiffs' Second Amended Complaint fails to state a claim for municipal liability

   under 42 U.S.C. § 1983 and the doctrine of *Monell v. Dep't of Social Servs. of the
   City of New York*, 436 U.S. 658, 694 (1978);

3. The wrongdoing alleged in the Second Amended Complaint does not rise to the

   level of a constitutional violation;

4. Chancellor Rhee, Mr. Janey and Ms. Graham are not proper parties to this action; and

5. In the alternative, Chancellor Rhee, Mr. Janey and Ms. Graham are entitled to qualified immunity in a suit against them in their official capacity.

Plaintiffs have failed to support their arguments against dismissal of the Second Amended Complaint.  In sum, for the reasons detailed below and in the motion to dismiss, the defendants' Motion to Dismiss should be granted in its entirety.

## II.    ARGUMENT

Contrary to plaintiffs' allegations, this Court lacks jurisdiction over the plaintiffs' claims because there is an ongoing state proceeding.  Second, plaintiffs have failed to show that the *Monell* doctrine is inapplicable to the case at bar.  Third, plaintiffs have failed to allege an unconstitutional policy or custom, or to show that a policy maker was involved in the alleged wrongdoing sufficient to withstand dismissal of this 42 U.S.C. § 1983 claims based on violations of the Fifth and Fourteenth Amendments.  Finally, the three individual defendants are not proper parties to this action, and if they are found to be proper parties, they are entitled to qualified immunity.

## A.  THIS COURT LACKS SUBJECT MATTER JURISDICTION

Plaintiffs contend that the *Younger* doctrine is inapplicable, because there is not an ongoing state proceeding, and plaintiffs do not have the opportunity to raise their federal claims in Superior Court.  (See Pl. Opp., at p. 7.).  The Office of Employee Appeals' ("OEA") General Counsel issued Orders on Compliance for all three plaintiffs in 2006, pursuant to D.C. Code §1-606.02 (a)(6). (*Id.*, ¶¶ 17, 29, and 37.).

1.    <u>There Is An Ongoing State Proceeding</u>

On September 5, 2006, plaintiff Spriggs' counsel sent a letter to the General Counsel for OEA, indicating that DCPS's attempt to comply with the Agency Order was "physically impossible" for plaintiff Spriggs to meet because of the delay in mailing the document. (Exh. A, Perlmutter Letter, dated September 5, 2006.).

On September 27, 2006, plaintiff Spriggs' counsel, notified OEA's General Counsel, and requested the following relief: "that the General Counsel, pursuant to OEA Rule 636.9, direct that Employee's entitlement to payment of salary and benefits pursuant to the Office's Final Decision in the instant matter continue until such time as the General Counsel finds the Agency to have properly placed Employee in the ET-15 position as directed by the Office in its Final Decision in the above-noted matter." (See Exh. B, Perlmutter Letter, dated September 27, 2006.).

On September 7, 2006, Mr. Perlmutter wrote a letter to OEA's General Counsel on behalf of plaintiff Duckett. (See Exh. C, Perlmutter Letter, dated September 7, 2006.).  In that letter, Mr. Perlmutter asked the General Counsel to "sanction the Agency for its misconduct," and "pursuant to the authority of OEA Rule 636.9 (which provides in relevant part that 'If the agency fails to comply with the order, the General Counsel may take such actions as are necessary to secure compliance with the order….'), in order to ensure that the Agency comes into full and prompt compliance with the Officer's carious orders in this matter without further delay or further malarkey." (Id.).

On September 27, 2006, Mr. Perlmutter wrote another letter on Duckett's behalf and requested the following relief: "that the General Counsel, pursuant to OEA Rule 636.9, direct that Employee's entitlement to payment of salary and benefits pursuant to

the Office's Final Decision in the instant matter continue until such time as the General Counsel finds the Agency to have properly placed Employee in the ET-15 position as directed by the Office in its Final Decision in the above-noted matter." (See Exh. D, Perlmutter Letter, dated September 27, 2006.).  Regarding plaintiff Sessoms, there is no record of any letters to the OEA General Counsel from Mr. Perlmutter.  (See Exh. E.).

Undersigned counsel spoke to OEA's General Counsel, Ms. Sheila Barfield, who indicated that her office had not sought certification of these issues with the Mayor's Office because she had been under the impression that DCPS had complied with the General Counsel's orders.  In addition, plaintiffs' counsel did not contact OEA General Counsel's office to inform them of DCPS's noncompliance and request certification to the Mayor's Office.  In fact, once Ms. Barfield learned that the orders had not been implemented, she certified the orders to the Mayor's Office on October 23, 2007. (See Exh. F.).

Based upon the foregoing, plaintiffs claims are part of an ongoing state proceeding—certified to the Mayor's Office—and the *Younger* doctrine applies.

2.    There Are Important State Interests Involved

Plaintiffs argue that *Bridges v. Pratt, et. al.*, 84 F.3d 470, 476 (D.C. Cir. 1996), is inapplicable because the procedural postures differ.  (See Pl. Opp., at p. 11.). Defendants disagree.  OEA's decision to certify the plaintiffs' orders to the Mayor's office constitutes an important state interest, and necessitates that plaintiffs exhaust their administrative remedies before they file a lawsuit.

3.    <u>There Is An Adequate State Remedy</u>

D.C. Code §1-606.03(d) provides an adequate remedy for plaintiffs' claims. Section 1-606.03(d) states that the court may "take any other appropriate action the Court may deem necessary." *See* D.C. Code § 1-606.03(d). *But see Bridges*, 84 F.3d at 477. Based on the express language of § 1-606.03(d), plaintiffs are able to adjudicate their claims in D.C. Superior Court, including their claims for compensatory damages, and declaratory and injunctive relief. Plaintiffs, relying on *Bridges*, argue that they do not have an adequate state remedy. The defendants disagree. Section 1-606.03(d) expressly authorizes the court to "take any other appropriate action the Court may deem necessary." *Id.* Based on the express language of the statute, and given the Superior Court's authority as a court of general jurisdiction, defendants respectfully submit that plaintiffs' claims for compensatory damages and equitable relief can be decided in the D.C. Superior Court.[1]

As stated in the motion to dismiss, the only remedy sought by plaintiffs that would not be available to them in any forum is their claim for punitive damages, as they are not recoverable against the District. See *City of Newport v. Fact Concerts*, 453 U.S. 247, 271 (1981). Therefore, the defendants respectfully request that the court dismiss plaintiffs' Second Amended Complaint.

---

[1] Plaintiffs' argument that "no District of Columbia law permits recovery of any damages or attorneys fees beyond what OEA has already awarded," is without merit. Plaintiffs can recover the same damages in Superior Court under 42 U.S.C. § 1983 as they can in federal court.

B. **ALL CONSTITUTIONAL CLAIMS AGAINST THE DEFENDANTS SHOULD BE DISMISSED BECAUSE THE PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983**

Although there is no heightened pleading requirement, a § 1983 complaint must allege an established municipal policy or custom that caused the constitutional violation at issue. *Dorman v. District of Columbia*, 888 F.2d 159, 162 (D.C. Cir. 1989); *Dant v. District of Columbia*, 829 F.2d 69, 77 (D.C. Cir. 1987). A complaint that does not allege such a policy or custom fails to allege a necessary element of liability under § 1983 and must be dismissed. *Dant*, 829 F.2d at 76.

The Supreme Court has "repeatedly emphasized" that only when the government is "abusing [its] power, or employing it as an instrument of oppression" does its action rise to the conscience-shocking level. *DeShaney v. Winnebago County Dep't of Social Services*, 489 U.S. 189, 196 (1989). This Court likewise has ruled that the "[s]ubstantive due process doctrine does not protect individuals from all actions that infringe liberty or injure property in violation of some law. Rather, [it] . . . prevents governmental power from being used for purposes of oppression or abuse of government power that shocks the conscience or action that is legally irrational . . .." *Committee of United States Citizens Living in Nicaragua v. Reagan*, 859 F.2d 929, 943-44 (D.C. Cir. 1988) (internal quotation marks and citations omitted). *See also, e.g., Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir. 1998) (conscience-shocking behavior is behavior which is "truly irrational" and "something more than . . . arbitrary, capricious, or in violation of state law") (internal quotation marks omitted).

In this case, the plaintiffs allege that the District violated their Fifth and Fourteenth Amendment rights under the U.S. Constitution, but they have failed to show

the particular policy or custom that is violative of the Constitution.   In considering whether a plaintiff has stated a claim for municipal liability, the district court must conduct a two-step inquiry.  *See Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992). First, the court must determine whether the complaint states a claim for a predicate constitutional violation. *Id.* Second, if so, then the court must determine whether the complaint states a claim that a custom or policy of the municipality caused the violation.  *Id.*; *Monell*, 436 U.S. at 694.  Each inquiry is separate and serves different purposes. *Collins*, 503 U.S. at 124; *see also Farmer v. Brennan*, 511 U.S. 825, 840-42, 128 L. Ed. 2d 811, 114 S. Ct. 1970 (1994); *City of Canton v. Harris*, 489 U.S. 378, 388 n.8, 103 L. Ed. 2d 412, 109 S. Ct. 1197 (1989).

Under the first prong, in order to establish this predicate violation, neither District of Columbia policy makers nor employees need be implicated. All that is being established at this stage is that there is some constitutional harm suffered by the plaintiff, not whether the municipality is liable for that harm. *See Baker v. District of Columbia*, 326 F.3d 1302 (D.C. Cir. 2003).

Under the second prong, the plaintiff's complaint must allege that a policy or custom of the District of Columbia caused the constitutional violation alleged under the first prong. *See Monell*, 436 U.S. at 694; *Harris*, 489 U.S. at 389. The court must determine whether the plaintiff has alleged an "affirmative link," *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823, 85 L. Ed. 2d 791, 105 S. Ct. 2427 (1985), such that a municipal policy was the "moving force" behind the constitutional violation, *Harris*, 489 U.S. at 389 (quotation omitted).

Here, plaintiffs have failed to state the predicate constitutional violation, and they have failed to allege any link whatsoever between their claims, and a municipal policy that was the "moving force" behind the violation.    Plaintiffs must allege an unconstitutional policy or custom that violates their constitutional rights.    Regardless of how egregious the conduct alleged in the Second Amended Complaint, the plaintiffs' allegations are not sufficient to establish a policy or custom of the District of Columbia. Further, based on the OEA General Counsel's decision to certify the orders to the Mayor's Office, plaintiffs' due process rights and property interests are being protected by the adjudicative process set forth in D.C. Code § 1-606.03(d) and 1-606.09. Contrary to plaintiffs' allegations, the OEA General Counsel did not decline certification, which is proved by her decision to certify the orders once she was made aware of DCPS's noncompliance.    Based on the foregoing, plaintiffs have failed to allege a predicate constitutional violation, and their Fifth and Fourteenth Amendment claims brought pursuant to 42 U.S.C. Section 1983 must be denied.

## C. PLAINTIFFS' FIFTH AND FOURTEENTH AMENDMENT CLAIMS DO NOT STATE A CONSTITUTIONAL VIOLATION

Plaintiffs' allegations to the contrary, their property interests were fully and fairly adjudicated before the OEA.  There are no more property interests to adjudicate.  At this stage, plaintiffs seek to enforce the OEA orders, nothing else.  Most telling, is plaintiffs' admission of this fact in their opposition.  Plaintiffs state "DCPS deliberately flouted the law and in the process deprived all three Plaintiffs of the property rights they fought hard to win." (See Pl. Opp., at p. 19.).  Plaintiffs' constitutional claims do not rise to the level of a property interest.    Simply put, plaintiffs have failed to allege a predicate constitutional violation.    Based on the foregoing, plaintiffs have failed to allege a

predicate constitutional violation, and their Fifth and Fourteenth Amendment claims brought pursuant to 42 U.S.C. Section 1983 must be denied.

### D.  RHEE, JANEY AND GRAHAM ARE NOT  PROPER PARTIES

Plaintiffs argue that nothing in the Second Amended Complaint "states that Defendants' (sic) are being sued in solely in their official capacity."  (See Pl. Opp., at p. 20.).  Defendants maintain that nothing in the Second Amended Complaint indicates that the individual defendants  *are* being sued in their individual capacities.   In fact, based upon the allegations contained in the Second Amended Complaint, the only actions at issue in this case are defendant Janey and Graham's actions as employees of the District of Columbia.  There is absolutely no basis for defendant Rhee to be a part of this lawsuit, and plaintiffs have admitted as much in their opposition when they argue that liability can be based upon "the extent to which these officials knew about the orders and made conscious decisions to ignore them."  (See Pl. Opp., at p. 21.). Defendant Rhee did not begin her employment with the District until July of 2007—after plaintiffs filed their initial complaint, she had no knowledge of the orders or any alleged decisions to ignore them.

### E.  RHEE, JANEY AND GRAHAM ARE ENTITLED TO QUALIFIED IMMUNITY

Defendants Rhee, Janey and Graham are entitled to qualified immunity.  The Court of Appeals has ruled that in determining whether a constitutional right has been clearly established, "'courts must not define the relevant constitutional right in overly general terms, lest they strip the qualified immunity defense of all meaning.'" *International Action Center v. United States*, 365 F.3d 20, 25 (D.C. Cir. 2004), quoting *Butera v. District of Columbia*, 235 F.3d 637, 646 (D.C. Cir. 2001).

Even if the plaintiffs could allege a constitutional violation, the individually named defendants, Mr. Janey, Ms. Rhee and Ms. Graham, are entitled to qualified immunity with regard to their claims.  According to the Supreme Court's 2001 *Saucier* decision, an official cannot be held personally liable for conduct he or she would not have reasonably known was unconstitutional. 533 U.S. at 2002.  The Supreme Court explained that "'the right the official is alleged to have violated must have been "clearly established" in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'"  *Id.* (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

Thus, even if this Court finds that the plaintiffs' allegations, when read in the light most favorable to the plaintiffs, could state a Fifth and Fourteenth Amendment violation, this Court cannot conclude that the plaintiffs' allegations describe a violation of a "clearly established" right.  As such, the individual defendants are entitled to qualified immunity, and the constitutional claims against them must be dismissed with prejudice.

## III.    CONCLUSION

Based on the foregoing, this Court lacks jurisdiction over the plaintiffs' claims because there is an ongoing state proceeding.  Second, plaintiffs have failed to show that the *Monell* doctrine is inapplicable to the case at bar.  Third, plaintiffs have failed to allege an unconstitutional policy or custom, or to show that a policy maker was involved in the alleged wrongdoing sufficient to withstand dismissal of this 42 U.S.C. § 1983 claims based on violations of the Fifth and Fourteenth Amendments.  Finally, the three individual defendants are not proper parties to this action, and if they are found to be

proper parties, they are entitled to qualified immunity. The defendants respectfully request that this Court grant the defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint.

Dated: October 29, 2007.              Respectfully Submitted,

                                      LINDA SINGER
                                      Attorney General, District of Columbia

                                      GEORGE C. VALENTINE
                                      Deputy Attorney General, Civil Lit. Div.

                                      ____/s/Nicole Lynch_____
                                      NICOLE L. LYNCH [471953]
                                      Section Chief, General Litigation § II

                                      ___/s/Toni Michelle Jackson___
                                      TONI M. JACKSON (453765)
                                      Assistant Attorney General
                                      441 4th Street, NW, 6th Floor South
                                      Washington, DC 20001
                                      (202) 724-6602
                                      Fax: (202) 727-3625
                                      E-Mail: toni.jackson@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of October, 2007, I caused the foregoing DEFENDANTS' REPLY BRIEF TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

**Omar Vincent Melehy, Esquire**
**MELEHY & ASSOCIATES, LLC**
**8403 Colesville Rd., Suite 610**
**Silver Spring, MD 20910**

                                      _____/s/Toni Michelle Jackson_____
                                      TONI MICHELLE JACKSON
                                      Assistant Attorney General

11

# EXHIBIT A

# Melehy & Associates LLC

## Attorneys at Law

| OMAR VINCENT MELEHY* | 8403 COLESVILLE ROAD | TELEPHONE (301) 587-6364 |
| | SUITE 610 | FACSIMILE (301) 587-6308 |
| ——— | SILVER SPRING, MARYLAND 20910 | * ALSO LICENSED |
| SUVITA MELEHY* | WWW.ZIPINMELEHY.COM | IN WASHINGTON D.C. |
| ANDREW J. PERLMUTTER* | | ERIC L. BARNABAS* |
| | | OF COUNSEL |

September 5, 2006

Sheila Barfield, Esq.
General Counsel
Office of Employee Appeals
717 14th Street, NW, Third Floor
Washington, DC 20005

**Re:    Agency Submission in Response to General Counsel's Order on Compliance**
*Spriggs  v. District of Columbia Public Schools*
**OEA Matter No.: 2401-0124-03**

Dear Ms. Barfield:

I represent Connie Spriggs, Employee in the above-noted matter, which has been certified by the Office of Employee Appeals to you for enforcement pursuant to an Order dated November 22, 2005, as issued by Hon. Ruhulamin Quander.  As you may recall, you issued an Order for Compliance in that matter on August 11, 2006, directing the Agency to submit documentation demonstrating that the Agency had complied on or before September 1, 2006 with the Office's Final Decision in the above-noted matter.  The Agency alleged it had complied with this Order on Compliance in a filing on September 1, 2006 ("Agency Submission"), which was faxed to counsel for Employee at around 6:18 PM on Friday, September 1.

Employee wishes to advise that the Agency's representations in its recent filing evince a spectacular degree of mendacity, meriting appropriate response from the Office.  The Agency Submission incorporates a letter to Employee, dated August 17, 2006, directing Employee to present herself for reinstatement on or before close of business on Friday, September 1, 2006.  The Agency Submission represents that this letter evinces its compliance with the Order on Compliance in this matter.  This representation is highly misleading, as the letter was not in fact mailed on the date indicated in its text.  Attached for your perusal is a true and accurate copy of the envelope containing the Agency's letter to Appellant (as can be discerned through the cellophane address window on the envelope, showing Employee's address and the dateline of the letter attached to the Agency Submission).  As the envelope clearly indicates, the Agency's letter was metered on August 30, 2006, and was postmarked on August 31, 2006.  Employee wishes to advise that the letter was only received at her residence in the mail on September 2, 2006.  Since the letter was received by neither Employee nor her counsel prior to the close of business on September 1, 2006, the Agency's deadline for Employee to present herself at the Agency's Office of Human Resources for reinstatement was thus physically impossible to meet.  This is corroborated by the fact that counsel

for the Agency contacted counsel for Employee on August 22, 2006 (5 days after the date of the purported reinstatement letter) to query whether Employee would be amenable to settlement of the case. No common-sense rationale is readily apparent to counsel for Employee as to why such as settlement enquiry would have been made if the Agency had in fact mailed the noted letter prior to that date.

Employee submits that the above-noted facts indicate that the Agency has failed to properly comply with the Order on Compliance in the above-noted matter, and instead has shown blatant disregard for the Office's authority through its apparent attempt to mislead the Office through this Agency Submission. Employee therefore respectfully requests that the General Counsel sanction the Agency for its misconduct in this instance, pursuant to the authority of OEA Rule 636.9 (which provides in relevant part that "If the agency fails to comply with the order, the General Counsel may take such actions as are necessary to secure compliance with the order..."), in order to ensure that the Agency comes into full and prompt compliance with the Office's various orders in this matter without further delay or further malarkey. In light of the fact that the Office has already issued its Final Decision in the above-noted matter, Employee submits that appropriate sanctions to ensure rapid compliance with the Office's various Orders in the above-noted matter would be through an Order: (1) directing the Agency to extend the date certain for Employee to present herself to the Agency's Office of Human Resources for assignment, (2) directing that the Office's General Counsel shall make all determinations in the above-noted matter as to the back pay eligibility of Employee, (3) finding that Employee was in fact willing and able to work for the entire period for which back pay was applicable, (4) finding that Employee is entitled to back pay in the specific amount she alleges entitlement to in a subsequent filing with the Office's General Counsel, provided that Employee submits appropriate documentation as to her earnings from outside employment during the back pay period, if any, and (5) directing the Agency to reimburse all of Employee's attorneys fees and costs incurred in the above-noted matter subsequent to the issuance of the Office's Final Decision in the above-noted matter.

Respectfully Submitted,

Andrew J. Perlmutter

Cc: Harriet Segar, Esq. (with exhibit)

# EXHIBIT B

# Melehy & Associates LLC
## Attorneys at Law

| | | |
|---|---|---|
| OMAR VINCENT MELEHY* | 8403 COLESVILLE ROAD | TELEPHONE (301) 587-6364 |
| | SUITE 610 | FACSIMILE (301) 587-6308 |
| | SILVER SPRING, MARYLAND 20910 | * ALSO LICENSED |
| SUVITA MELEHY* | WWW.ZIPINMELEHY.COM | IN WASHINGTON D.C. |
| ANDREW J. PERLMUTTER* | | |

September 27, 2006

Sheila Barfield, Esq.
General Counsel
Office of Employee Appeals
717 14th Street, NW, Third Floor
Washington, DC 20005

Re: **Implementation of General Counsel's Order on Compliance**
*Spriggs v. District of Columbia Public Schools*
**OEA Matter No.: 2401-0124-03**

Dear Ms. Barfield:

I represent Connie Spriggs, Employee in the above-noted matter, which has been certified by the Office of Employee Appeals to you for enforcement pursuant to an Order dated November 22, 2005. As you may recall, you issued an Order for Compliance in that matter on August 11, 2006, directing the Agency to submit documentation demonstrating Agency compliance with the Office's Final Decision in the above-noted matter on or before September 1, 2006. The Agency alleged it had complied with this Order on Compliance in a filing on September 1, 2006.

Employee wishes to advise you as to the status of the Agency's implementation of the Office's Orders in this matter. Specifically, Employee presented herself in the manner requested by the Agency on September 11, 2006 to produce the documentation requested by the Agency. On September 25, 2006, the Agency claimed to have no position in which to place Employee, and as of the submission of this letter has failed to place Employee into the required ET-15 position or into paid administrative leave until a suitable vacancy is found. Instead, Employee remains unpaid and unplaced.

Employee submits that these facts indicate that the Agency has failed to properly comply with the Order on Compliance in the above-noted matter, and further respectfully requests that the General Counsel, pursuant to OEA Rule 636.9, direct that Employee's entitlement to payment of salary and benefits pursuant to the Office's Final Decision in the instant matter continue until such time as the General Counsel finds the Agency to have properly placed Employee in the ET-15 position as directed by the Office in its Final Decision in the above-noted matter.

Respectfully Submitted,

Andrew J. Perlmutter

cc: Harriet Segar, Esq.

# EXHIBIT C

# Melehy & Associates LLC

## Attorneys at Law

| OMAR VINCENT MELEHY* | 8403 COLESVILLE ROAD | TELEPHONE (301) 587-6364 |
| | SUITE 610 | FACSIMILE (301) 587-6308 |
| | SILVER SPRING, MARYLAND 20910 | * ALSO LICENSED |
| SUVITA MELEHY* | WWW.ZIPINMELEHY.COM | IN WASHINGTON D.C. |
| ANDREW J. PERLMUTTER* | | ERIC L. BARNABAS* |
| | | OF COUNSEL |

September 7, 2006

Sheila Barfield, Esq.
General Counsel
Office of Employee Appeals
717 14th Street, NW, Third Floor
Washington, DC 20005

**Re:   Agency Submission in Response to General Counsel's Order on Compliance**
**_Duckett v. District of Columbia Public Schools_**
**OEA Matter No.: 1601-0136-03**

Dear Ms. Barfield:

I represent Paula Duckett, Employee in the above-noted matter, which has been certified by the Office of Employee Appeals to you for enforcement pursuant to an Order dated January 11, 2006, as issued by Hon. Ruhulamin Quander. As you may recall, you issued an Order for Compliance in that matter on August 18, 2006, directing the Agency to submit documentation demonstrating that the Agency had complied on or before September 11, 2006 with the Office's Final Decision in the above-noted matter. The Agency alleged it had complied with this Order on Compliance in a filing on September 1, 2006 ("Agency Submission"), which was faxed to counsel for Employee at around 6:21 PM on Friday, September 1.

Employee wishes to advise that the Agency's representations in its recent filing evince a degree of mendacity, meriting appropriate response from the Office. The Agency Submission incorporates a letter to Employee, dated August 30, 2006, directing Employee to present herself for reinstatement on or before close of business on Friday, September 8, 2006. The Agency Submission represents that this letter evinces its compliance with the Order on Compliance in this matter. This representation is highly misleading, as the letter was not in fact mailed on the date indicated in its text. Employee wishes to advise that that as of the date of this letter, she has not yet received the Agency's purported August 30, 2006 letter, save in the limited form which it appears as an exhibit to the Agency Submission. Although Employee intends to present herself at the Agency's Office of Human Resources tomorrow as indicated, she has been unable to provide the Agency's requested affidavit (let alone have it notarized) because the Agency has to date failed to serve her with a copy to prepare.

Employee submits that the above-noted facts indicate that the Agency has failed to fully and properly comply with the Order on Compliance in the above-noted matter, and instead has shown blatant disregard for the Office's authority through its apparent attempt to mislead the

Office through this Agency Submission. Employee therefore respectfully requests that the General Counsel sanction the Agency for its misconduct in this instance, pursuant to the authority of OEA Rule 636.9 (which provides in relevant part that "If the agency fails to comply with the order, the General Counsel may take such actions as are necessary to secure compliance with the order..."), in order to ensure that the Agency comes into full and prompt compliance with the Office's various orders in this matter without further delay or further malarkey. In light of the fact that the Office has already issued its Final Decision in the above-noted matter, Employee submits that appropriate sanctions to ensure rapid compliance with the Office's various Orders in the above-noted matter would be through an Order: (1) directing the Agency to extend the date certain for Employee to provide all of the documents requested by the Agency so as to permit both careful preparation and review by counsel, (2) directing that the Office's General Counsel shall make all determinations in the above-noted matter as to the back pay eligibility of Employee, and (3) directing the Agency to reimburse all of Employee's attorneys fees and costs incurred in the above-noted matter subsequent to the issuance of the Office's Final Decision in the above-noted matter.

Respectfully Submitted,

Andrew J. Perlmutter

Cc: Harriet Segar, Esq.

# EXHIBIT D

# Melehy & Associates LLC

## Attorneys at Law

| OMAR VINCENT MELEHY* | 8403 COLESVILLE ROAD | TELEPHONE (301) 587-6364 |
| | SUITE 610 | FACSIMILE (301) 587-6308 |
| | SILVER SPRING, MARYLAND 20910 | * ALSO LICENSED |
| SUVITA MELEHY* | WWW.ZIPINMELEHY.COM | IN WASHINGTON D.C. |
| ANDREW J. PERLMUTTER* | | |

September 27, 2006

Sheila Barfield, Esq.
General Counsel
Office of Employee Appeals
717 14th Street, NW, Third Floor
Washington, DC 20005

> **Re: Implementation of General Counsel's Order on Compliance**
> *Duckett v. District of Columbia Public Schools*
> **OEA Matter No.: 1601-0136-03**

Dear Ms. Barfield:

I represent Paula Duckett, Employee in the above-noted matter, which has been certified by the Office of Employee Appeals to you for enforcement pursuant to an Order dated January 11, 2006. As you may recall, you issued an Order for Compliance in that matter on August 18, 2006, directing the Agency to submit documentation demonstrating Agency compliance with the Office's Final Decision in the above-noted matter on or before September 11, 2006. The Agency alleged it had complied with this Order on Compliance in a filing on September 1, 2006.

Employee wishes to advise you as to the status of the Agency's implementation of the Office's Orders in this matter. Employee presented herself in the manner requested by the Agency on September 8, 2006, receiving from the Agency at that time specific requests for documents for her reinstatement. Employee produced the documents to the Agency by September 19, 2006. As of the submission of this letter, the Agency has failed to place Employee into the required ET-15 position or into paid administrative leave until a suitable vacancy is found. Instead, Employee remains unpaid and unplaced.

Employee submits that these facts indicate that the Agency has failed to properly comply with the Order on Compliance in the above-noted matter, and further respectfully requests that the General Counsel, pursuant to OEA Rule 636.9, direct that Employee's entitlement to payment of salary and benefits pursuant to the Office's Final Decision in the instant matter continue until such time as the General Counsel finds the Agency to have properly placed Employee in the ET-15 position as directed by the Office in its Final Decision in the above-noted matter.

Respectfully Submitted,

Andrew J. Perlmutter

Cc: Harriet Segar, Esq.

# EXHIBIT E

## GOVERNMENT OF THE DISTRICT OF COLUMBIA

OFFICE OF EMPLOYEE APPEALS



REPLY TO:
717 14TH STREET, N.W.,
3rd Floor
WASHINGTON, D.C. 20005
(202) 727-0004
FAX (202) 727-5631

October 19, 2007

Toni Jackson, Assistant Attorney General
Office of the Attorney General for the
District of Columbia
441 4th Street, N.W., Suite 6S052
Washington, D.C. 20001

Dear Toni:

Per our discussion, please find attached the documents pertaining to the Paula Duckett and Connie Spriggs appeals. As I mentioned to you, our file in the Carolyn Sessoms appeal does not contain any documents similar to the ones I've attached.

Sincerely yours,

SHEILA G. BARFIELD
General Counsel

# EXHIBIT F



## GOVERNMENT OF THE DISTRICT OF COLUMBIA

OFFICE OF EMPLOYEE APPEALS

REPLY TO:
717 14TH STREET, N.W.
3rd Floor
WASHINGTON, D.C. 20005
(202) 727-0004
FAX (202) 727-5631

October 23, 2007

Peter Nickles, Esq.
General Counsel
Executive Office of the Mayor
1350 Pennsylvania Ave., N.W., Suite 300
Washington, D.C. 20004

Dear Mr. Nickles:

The purpose of this letter is to seek your assistance with three appeals in which the District of Columbia Public Schools ("DCPS") has failed to comply with orders issued by the Office of Employee Appeals ("OEA"). By way of background, on August 23, 2004, September 16, 2004, and December 13, 2004, an OEA Administrative Judge issued Initial Decisions in which he ordered DCPS to place Connie Spriggs, Paula Duckett, and Carolyn Sessoms in ET-15 Teacher positions. DCPS did not appeal any of the orders; therefore, the orders became final by operation of law. Thereafter pursuant to the authority granted me in D.C. Official Code § 1-606.01(g)(4)(B), I issued orders on August 11, 2006, August 18, 2006, and September 6, 2006 in which I ordered DCPS to place the aforementioned employees in an ET-15 Teacher position. As of the date of this letter, DCPS has failed to comply with any of these directives.

OEA Rule 636.9, 46 DCR 9322, instructs that in circumstances where an agency has failed to comply with an order issued by OEA, I may forward the matter to the Office of the Mayor in an effort to secure compliance. I have enclosed for your review the Initial Decisions and General Counsel's Orders on Compliance issued in each of these appeals. Thank you for your attention to this matter and if you need additional information, please contact me immediately.

Sincerely yours,

SHEILA G. BARFIELD, ESQ.
General Counsel