IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PAULA DUCKETT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:07-cv-01116 |
| | ) | |
| DISTRICT OF COLUMBIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE A SUR-REPLY TO DEFENDANTS' REPLY BRIEF**

Plaintiffs', by and through their undersigned counsel, respectfully move for leave to file a sur-reply to respond to entirely new grounds raised in Defendants' Reply Brief to Plaintiffs' Opposition to Defendants' Motion to Dismiss ("Reply"). In support the motion, Plaintiffs' rely on the attached Memorandum of Points and Authorities and state that Defendants' counsel has indicated that Defendants do not oppose this motion.

WHEREFORE, Plaintiffs' respectfully request that this Court issue an order granting Plaintiffs' leave to file their sur-reply. A proposed Order is attached.

Respectfully Submitted,

_____/s/_____
Omar Vincent Melehy, Esq.
Melehy & Associates, LLC
8403 Colesville Road, Suite 610
Silver Spring, MD 20910
Phone: (301) 587-6364
Fax:    (301) 587-6308
Email: ovmelehy@melehylaw.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PAULA DUCKETT**, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:07-cv-01116 |
| ) | |
| **DISTRICT OF COLUMBIA**, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

UPON CONSIDERATION of Plaintiffs' Motion for Leave to File Their Second Amended Complaint, and any opposition thereto, it is this _____ day of _____, 2007,

**ORDERED**, that Plaintiffs' Motion is hereby GRANTED; and it is further,

**ORDERED**, that Plaintiffs are hereby granted leave to file their Second Amended Complaint; and it is further,

**ORDERED**, that the Second Amended Complaint is deemed filed the date it was received by the Court.

_____
JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAULA DUCKETT, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:07-cv-01116 |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE A SUR-REPLY

Plaintiffs are seeking leave to file a Sur-Reply Brief to address an entirely new argument in the Defendants' Reply Brief and to contest factual assertions made using matters outside of the pleadings in this case.

"[I]t is standard practice for a party seeking to file a surreply to move the court for leave to file such a surreply." *Groobert v. President & Directors of Georgetown College*, 219 F. Supp. 2d 1, 13 n.2 (D.D.C. 2002). The Court may permit the filing of a sur-reply at its discretion. When "the movant raises arguments for the first time in his reply to the non-movant's opposition, the court will either ignore those arguments in resolving the motion or provide the non-movant an opportunity to respond to those arguments by granting leave to file a sur-reply." *Flynn v. Veazey Construction Corp.*, 310 F. Supp. 2d 186, 189 (D.D.C. 2004); *Groobert v. President & Directors of Georgetown College*, 219 F. Supp. 2d 1, 13 (D.D.C. 2002) ("The court allowed the plaintiff to file his first sur-reply because it addresses a new matter presented by the defendant's reply"); *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001) (standard is "whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply."); *See Also Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 195 (D.C.

1

Cir. 1992) (acknowledging that consideration of arguments raised for the first time in a reply would be "manifestly unfair" to the respondent); *Corson & Gruman Co. v. Nat'l Labor Relations Bd.*, 899 F.2d 47, 50 n. 4 (D.C. Cir. 1990) (requiring parties to raise all of their arguments in their opening briefs "to prevent sandbagging").

In their Reply Brief, Defendants make an entirely new argument related to their contention that this Court should dismiss this case under the abstention doctrine. In their motion to dismiss, Defendants had argued Defendants' that the abstention doctrine set forth in *Younger v. Harris,* 401 S. Ct. 37 (1971) requires dismissal of this case because, *inter alia,* there is an ongoing state proceeding – namely that Plaintiffs' could have and still are able to appeal their OEA decisions to Superior Court under D.C. Code § 1-606.03 (d) and obtain all of the relief they are seeking in this case except punitive damages. (Def. Mem. at 9.) After receiving Plaintiffs' opposition which argues that § 1-606.03 (d) provides a 30-day window of appeal to Superior Court for the purposes of conducting appellate review only, Defendants changed course and argued that there is another ongoing administrative proceeding. (*Id.*)

In their reply, Defendants apparently have recognized the weakness in their argument that there is an ongoing state proceeding under § 1-606.03 (d) and now make the entirely new argument there is an ongoing state proceeding because on October 23, 2007, the Office of Employee Appeals General Counsel certified the matter to the Office of the Mayor – apparently given the timing – after speaking with Defendants' counsel.

Defendants' Reply Brief asserts two new and different grounds for its argument that this Court lacks subject matter jurisdiction: 1) that there is an ongoing state proceeding because OEA General Counsel, Sheila Barfield, certified the matter to the Mayor's Office on October 23, 2007 and; 2) that such certification constitutes an "important state interest" within the meaning of the

abstention doctrine. Because these arguments did not appear in Defendants' Motion to Dismiss, Plaintiffs' have had no opportunity to address their substance.

Defendants' Reply also includes evidence (*i.e.* Exhibits A-F) which were not included in their Motion to Dismiss (*See* Def. Reply., at 3-4), which convert the motion to dismiss to a motion for summary judgment and raise factual assertions which the Plaintiffs would like an opportunity to comment on and dispute. Accordingly, justice requires that Plaintiffs' have the opportunity to file a sur-reply to address the new arguments and to dispute or comment on the new factual assertions.

Defendants' reliance on facts and Exhibits not asserted in the pleadings would require conversion to summary judgment.[1] Fed. R. Civ. P. 12(c) ("If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."). When a court decides under Rule 12(b)(6) to consider matters outside the pleadings, it should so inform the parties and set a schedule for submitting additional affidavits and documents if the parties wish. *Gordon v. National Youth Work Alliance*, 675 F.2d 356, 361 (D.C. Cir. 1982). *See also, Wilderness Soc. v. Griles*, 824 F.2d 4, 16 n. 10 (D.C. Cir. 1987) (under Rule 12(b)(1), a district court "must give the plaintiff the opportunity to discover evidence relevant to his jurisdictional claim"); *Prakash v. American Univ.*, 121 F.2d 1174, 1179-80 (D.C. Cir. 1984) (court must afford party not moving for subject-matter dismissal "an ample opportunity to secure and present evidence relevant to the existence of jurisdiction.").

---

[1] Even if this Motion to Dismiss were converted into a motion for summary judgment, "all reasonable inferences must be drawn and all factual disputes resolved in favor of the non-movant [i.e., Plaintiff]." *Glaxo Group Ltd. v. TorPharm, Inc.*, 153 F.3d 1366, 1370 (Fed. Cir. 1998).

3

Here, Defendants' rely extensively on Exhibits outside of Plaintiffs' Complaint as grounds for dismissal. There is no reference in Defendants' Motion to Dismiss to any of Defendants' newly proffered Exhibits; thus Plaintiffs' were not afforded the opportunity to raise this objection in their Opposition to Defendants' Motion to Dismiss. If Defendants new arguments and Exhibits are not excluded by the Court, the Court must provide Plaintiffs' with notice and an opportunity to comment on this new evidence, to dispute it and if necessary, to conduct discovery regarding it. "When a district court converts a Rule 12(b)(6) motion to one for summary judgment, it must allow all parties both a 'reasonable opportunity to present all material made pertinent to such a motion by Rule 56' and a chance 'to pursue reasonable discovery.'" *Taylor v F.D.I.C.*, 132 F.3d 753, 765 (D.C. Cir. 1997).

Pursuant to Local Rule 7.1(m), Plaintiffs' requested Defendants' consent to the relief sought in this motion. Defendants' counsel has granted consent.

## CONCLUSION

For the above reasons, Plaintiffs' should be permitted to file a sur-reply in response to Defendants' Reply.

Respectfully Submitted,

_____/s/_____
Omar Vincent Melehy
Melehy & Associates LLC
8403 Colesville Road, Suite 610
Silver Spring, MD 20910
Phone: (301) 587-6364
Fax:    (301) 587-6308
Email: ovmelehy@melehylaw.com
*Attorneys for Plaintiffs'*

4