## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **PAULA DUCKETT**, *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | Civil Action No. 1:07-cv-01116 |
| | ) | |
| **DISTRICT OF COLUMBIA**, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

### PLAINTIFFS' SUR-REPLY BRIEF IN OPPOSITION
### TO DEFENDANTS' MOTION TO DISMISS

### INTRODUCTION

Defendants make the following new arguments in their Reply Brief: (1) there is an ongoing state judicial proceeding because on October 23, 2007 -- at the urging of Defendant's counsel -- OEA General Counsel requested the assistance of the Mayor in obtaining compliance with OEA General Counsel's three 2006 orders and; (2) that making and resolving the written request for assistance constitutes an "important state interest" within the meaning of the *Younger* abstention doctrine. (Reply Mem. at 2-4.) Defendants' Reply also includes evidence -- Exhs. A-F which are not included in their motion to dismiss. (*Id.* at 3-4.) Defendants' extraneous materials (and the arguments based on those materials) must either be stricken or the motion to dismiss must be converted to a motion for summary judgment. If the Court converts the motion to one for summary judgment, ruling on the motion at this juncture is premature, as Plaintiffs need the time and opportunity to conduct discovery. If the court strikes the new arguments, then for the purposes of this motion, Defendants must concede that there is no ongoing state judicial proceeding under *Younger*.

1

**ARGUMENT**

## I.    ABSTENTION IS NOT APPROPRIATE BECAUSE THERE IS NO ONGOING STATE JUDICIAL PROCEEDING.

Defendants argue that the OEA General Counsel's October 23, 2007 letter to the Mayor's counsel requesting assistance with obtaining compliance with the 2006 orders issued by OEA's General Counsel constitutes an ongoing state judicial proceeding for *Younger* abstention purposes. (Def. Reply at 2-4.)   The letter requesting assistance is simply not part of any ongoing judicial proceeding.

*Younger* abstention requires that the federal courts abstain only when there are ongoing state court proceedings "that are judicial in nature." See *Bridges v. Kelly*, 84F.3d 470, 476 (D.C. Cir. 1996).   *Cf. New Orleans Public Service, Inc. v. Council of the City of New Orleans* *("NOPSI")*, 491 U.S. 350, 368 (1989) ( "[I]t has never been suggested that *Younger* requires abstention in deference to a state judicial proceeding reviewing legislative or executive action. Such a broad abstention requirement would make a mockery of the rule that only exceptional circumstances justify a federal court's refusal to decide a case in deference to the States.")

In this case, OEA General Counsel's written request for assistance from counsel for the Mayor is at best executive or administrative, but not judicial; the judicial portion of the process ended in 2004 when Plaintiffs obtained OEA orders directing the DCPS to reinstate them with back pay and benefits.   The orders were not appealed and became final in fall, 2004, ending the judicial process.   The executive or administrative enforcement process began at the point when Plaintiffs filed motions to enforce the OEA rulings, a process which culminated in the issuance of three orders from OEA General Counsel in 2006.   These orders were executive as they were issued by one executive agency of the District of Columbia Government – the OEA Office of General Counsel – and directed to another executive Agency – the DCPS.   On October 23, 2007

2

– at the urging of Defendants' counsel -- OEA's General Counsel wrote to the Mayor's General Counsel and again requested assistance in obtaining compliance with the 2006 orders.

OEA Rule 636.9 provides that if the agency fails to comply with a final order of the OEA, the General Counsel may attempt to secure compliance by sending a letter to the Office of the Mayor. Nothing in this Rule compels the Office of the Mayor to respond or creates any additional enforcement procedures if the Mayor does not comply. The Mayor – at his discretion – may refuse or neglect to provide the requested assistance or simply ignore the request, as appears likely given the history of this case. Indeed, the Mayor was served with the Complaint in this case over three months ago – July 27, 2007, *see* attached Exh. A -- and has taken no action to comply with the orders except to forward them to Defendants' counsel with implicit or explicit instructions to mount a vigorous defense.

More importantly, however, the OEA General Counsel's October 23, 2007 letter was not a judicial or quasi judicial act nor was it part of any ongoing judicial or quasi-judicial process or proceeding. Indeed, there is no evidence presently before the Court indicating that the OEA General Counsel adjudicated any facts or rights before writing the letter. None of the letters written by OEA's General Counsel were filed in any court or with any quasi-judicial agency. The letters were not even the product of any thoughtful exercise of discretion; they were issued because DCPS failed to comply with OEA's lawful orders – which are now more than three years old.

Finally, there is no judicial or quasi-judicial mechanism or procedures to enforce compliance with the General Counsel's written request for assistance if the Mayor's Office does not provide the requested assistance. Because the claims in this case do not relate to any ongoing

3

judicial or quasi-judicial proceeding, the interests of comity and federalism are inapplicable and this case is beyond the purview of the *Younger* abstention doctrine.

## II.    CERTIFICATION OF THE ISSUE TO THE MAYOR'S OFFICE FAILS TO IMPLICATE "IMPORTANT STATE INTERESTS".

Defendants offer little in the way of argument to support their contention that important state interests are implicated by OEA General Counsel's October 23, 2007 request for assistance from the Mayor. The argument consists of the following single sentence with no citation of authority: "OEA's decision to certify the Plaintiffs' orders to the Mayor's Office constitutes an important state interest, and necessitates that Plaintiffs exhaust their administrative remedies before they file a lawsuit." (Reply Mem. at 4.)

The basis for the second prong of *Younger* abstention has been described as appropriate "where there have been presented difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar. " *Colorado River Water Conservation Dist. v. U. S.,* 424 U.S. 800, 814 (1976). To satisfy this prong, a state's interest in a federal proceeding must be so important that the exercise of federal judicial power would utterly disregard the comity between the states and the federal government. *Pennzoil Co. v. Texaco Inc.,* 481 U.S. 1, 14 (1987).

Defendants erroneously attempt to convert a written request for assistance to something more by calling the request "certification" to the Office of the Mayor. Indeed, there is nothing in the letter indicating that any type of formal process was followed. Defendants' fail to demonstrate how the written request for assistance involves "policy problems of substantial public import" or implicates federal/state comity, as is required under the second prong of *Younger*. A mere request for assistance does not guarantee enforcement; it does not even guarantee that the letter will be read. Even if the request for assistance implicated some state

4

interest – which is unlikely -- any disruption to the comity between the states and the federal government would be *de minimus* or nonexistent.

Defendants' argument boils down to nothing more than a contention that abstention is required because some *de minimus* administrative or executive action – a request for assistance – has been taken more than three years after the OEA rulings became final. This skewed logic would leave Plaintiff's Constitutional rights in limbo while the District of Columbia feigns interest in compliance with three year old orders. Such a result does not comport with the letter or spirit of the *Younger* doctrine and the District of Columbia should not be permitted to defeat the lawful jurisdiction of the federal district court in this manner.

Additionally, Defendants' are arguing that *Younger* requires a federal plaintiff to exhaust state remedies. They are mistaken. It is not necessary for a Plaintiff in a § 1983 action to exhaust either administrative or judicial remedies. *See Patsy v. Board of Regents of State of Fla.,* 457 U.S. 496, 507, (1982)(administrative remedies); *Monroe v. Pape,* 365 U.S. 167,183 (U.S. 1961)(judicial remedies). Therefore, this argument has absolutely no merit.

### III. DEFENDANTS' NEW ARGUMENTS AND EVIDENCE SHOULD EITHER BE STRIKEN OR THEIR MOTION TO DISMISS SHOULD BE CONVERTED INTO A MOTION FOR SUMMARY JUDGMENT AND THEN DENIED AS PREMATURE.

Conversion of Defendants' motion into one for summary judgment is mandatory if materials outside the pleadings are considered by the Court in its ruling on the motion to dismiss. The Court could avoid converting the motion to dismiss into a motion for summary judgment by striking extraneous materials (and arguments based on them).

As a matter of common practice, courts often decline to consider issues raised for the first time in reply papers. *See, e.g, Judicial Watch of Florida, Inc. v. U.S. Dept. of Justice,* 102 F. Supp.2d 6, 12 (D.D.C. 2000) ("The court therefore declines to consider DOJ's argument ....");

*Students Against Genocide v. Dep't of State*, 257 F.3d 828, 842 (D.C. Cir. 2001) ("an argument first made in a reply brief ordinarily comes too late for our consideration"); *Public Citizen Health Research Group v. NIH*, 209 F.Supp. 2d 37, 44 (D.D.C. 2002); *Natural Resources Defense Council, Inc. v. United States EPA*, 25 F.3d 1063, 1072 n.4 (D.C. Cir. 1994) (declining to consider arguments first raised in reply brief); *Rollins Envtl. Servs., Inc. v. United States EPA*, 937 F.2d 649, 653 n.2 (D.C. Cir. 1991); *Corson & Gruman Co. v. NLRB,* 899 F.2d 47, 51 n.4 (D.C. Cir. 1990).

If, however, Defendants' new arguments and evidence are considered by the court in its resolution of the motion, then the motion must be converted into a motion for summary judgment. Fed. R. Civ. P. 12(c); *Gordon v. Nat'l Youth Work Alliance,* 675 F.2d 356, 360, 361 (D.C. Cir.1982) The purpose of this proviso is twofold: it gave the District Courts authority to consider factual material at the Motion to Dismiss stage, but it also sought "to avoid taking a party by surprise." *See*, Notes of Advisory Committee on 1946 Amendments to Rules, 28 U.S.C. App. at 409-10 (1976).

Here, Plaintiffs have had no opportunity to undertake discovery so as to be able to fairly respond to the new arguments that there is an ongoing state judicial proceeding. *See* Affidavit of Omar Vincent Melehy ¶ 3, attached as Exh. B. If Defendants' motion is treated as one for summary judgment, the Court must draw "all reasonable inferences . . . and [resolve] all factual disputes . . . in favor of the non-movant [i.e., Plaintiff]." *Glaxo Group Ltd. v. TorPharm, Inc.*, 153 F.3d 1366, 1370 (Fed. Cir. 1998).

In this case, there are several facts raised in the Defendants' Reply Brief which the Plaintiffs intend to dispute and would like the opportunity to develop during the discovery process. First, Defendants assert that Plaintiff Witcher-Sessoms never sought the assistance of

the OEA General Counsel in obtaining compliance with the OEA orders. That fact is clearly disputed as on November 7, 2006, Plaintiff Witcher-Sessoms – through counsel – sent a letter by facsimile to OEA General Counsel seeking assistance based on DCPS's failure to comply with the General Counsel's September 6, 2006 Compliance Order. (Letter dated November 7, 2007, attached as Exh. C.) Plaintiffs also intend to dispute that there is indeed any ongoing proceeding between OEA and the Mayor's Office, that the October 23, 2007 letter was issued as part of that process – rather than as leverage tool in this litigation – and/or that the process has now concluded. (Melehy Aff. ¶ 3.) Plaintiffs also intend to dispute the authenticity of Sheila Barfield's letters and memoranda, as Defendants have provided no affidavit authenticating them.

These disputable facts alone make a summary judgment ruling premature until after discovery has concluded. If the Court strikes the new arguments made by Defendants to support their argument that there is an ongoing state judicial proceeding then the Defendants are left with the other frivolous argument that a *Younger* ongoing state judicial proceeding exists based on the expired appellate rights embodied in § 1-606.03. In either case, the motion should be denied.

## CONCLUSION

For these reasons, Defendants' motion to dismiss should be denied.

_____/s/_____

Omar Vincent Melehy, Esq.
D.C. Bar No. 415849
Melehy & Associates, LLC
8403 Colesville Rd., Suite 610
Silver Spring, MD 20910
Phone: (301) 587-6364
Fax:    (301) 587-6308
Email: ovmelehy@melehylaw.com

*Attorney for Plaintiffs*

U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Paula Duckett, et al.

vs.

District of Columbia, et al.

No. 1:07-CV-01116

**AFFIDAVIT OF SERVICE**

to wit: Washington, DC

    I, MELVIN M. SHAPIRO, having been duly authorized to make service of the Summons, Civil Cover Sheet, Consent Motion to Enlarge Time to File a Pleading in Response to the Plaintiffs' Amended Complaint, Memorandum of Points and Authorities in Support of the Consent Motion to Enlarge Time to File a Pleading in Response to the Plaintiff's Amended Complaint, [Proposed] Order, Complaint Under the United States Constitution and Under 42 U.S.C. 1983 and First Amended Complaint Under the United States Constitution and Under 42 U.S.C. 1983 in the above entitled case, hereby depose and say:

    That my date of birth / age is 09-06-1941.

    That my place of business is 1827 18th Street, N.W., Washington, D.C. 20009 (202) 667-0050.

    That service was made by a private process server.

    That I am not a party to or otherwise interested in this suit.

    That at 1:20 pm on July 27, 2007, I served District of Columbia c/o Mayor Adrian Fenty at 1350 Pennsylvania Avenue, NW, Suite 419, Washington, DC 20001 by serving Tabitha Braxton, Administrative Assistant, authorized to accept.  Described herein:

```
   SEX-   FEMALE
   AGE-   37
HEIGHT-   5'6"
  HAIR-   BLACK
WEIGHT-   140
  RACE-   BLACK
```

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Affidavit of Service is true and correct.

Executed on   **7/30/07**
            Date

MELVIN M. SHAPIRO
1827 18th Street, N.W.,
Washington, D.C. 20009
Our File#- 191940



EXHIBIT

A

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

Paula Duckett et al.

**SUMMONS IN A CIVIL CASE**

V.

District of Columbia et al.



TO: (Name and address of Defendant)

District of Columbia
Serve: Darlene Fields, ~~Gail Rivers, or Tonya Robinson~~
Office of the Attorney General (accepting agents)
Government of the District of Columbia
One Judiciary Square
441 4th Street, N.W., Suite 600 South, Washington, D.C. 20001

YOU ARE HEREBY SUMMONED and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Omar Vincent Melehy, Melehy & Associates LLC, 8403 Colesville
Road, Suite 610, Silver Spring, Maryland 20910

an answer to the complaint which is served on you with this summons, within _____20_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this
Court within a reasonable period of time after service.

NANCY MAYER-WHITTINGTON

JUN 2 1 2007

CLERK

DATE

*Maureen Higgins*

(By) DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

PAULA DUCKETT, *et al.*,                    )
                                            )
      **Plaintiffs,**                        )
                                            )
      **v.**                                 )    Civil Action No. 1:07-cv-01116
                                            )
DISTRICT OF COLUMBIA, *et al.*,             )
                                            )
      **Defendants.**                        )
                                            )

### RULE 56 AFFIDAVIT OF OMAR VINCENT MELEHY

I, OMAR VINCENT MELEHY, make the following AFFIDAVIT under penalty of perjury and state that the following is true and correct:

1.      I am over the age of 18, am under no legal disability, and make this declaration based upon my personal knowledge.

2.      I am counsel for Plaintiffs in the above-captioned matter.

3.      I require further discovery in order to dispute that following facts raised by the Defendants in their Reply Brief in Support of their Motion to Dismiss: that there is an ongoing proceeding between Office of Employee Appeals ("OEA") General Counsel and Defendant District of Columbia relating to enforcement of the Orders issued in these cases on August 11, 2006, August 18, 2006 and September 6, 2006; that even if there is an ongoing proceeding, it not judicial in character; that the letters allegedly written by OEA General Counsel on October 18, 2007 and October 23, 2007 are authentic; that the letters written on October 18, 2007 and October 23, 2007 are part of a bona fide process to enforce the previously mentioned orders and not for the purpose of gaining an advantage in this litigation.



I declare under the penalty of perjury that the contents of the foregoing AFFIDAVIT is true and correct.  Executed on this 13th day of November, 2007.

Omar Vincent Melehy

# Melehy & Associates LLC

### Attorneys at Law

| OMAR VINCENT MELEHY* | 8403 COLESVILLE ROAD | TELEPHONE (301) 587-6364 |
| | SUITE 610 | FACSIMILE (301) 587-6308 |
| ———— | **SILVER SPRING, MARYLAND 20910** | • ALSO LICENSED |
| SUVITA MELEHY* | **WWW.ZIPINMELEHY.COM** | IN WASHINGTON D.C. |
| ANDREW J. PERLMUTTER* | | |

November 7, 2006

**BY FACSIMILE**
Sheila Barfield, Esq.
General Counsel
Office of Employee Appeals
717 14th Street, NW, Third Floor
Washington, DC 20005

> **Re:   Agency Noncompliance with General Counsel's Order on Compliance**
> ***Witcher-Sessoms  v. District of Columbia Public Schools***
> **OEA Matter No.: 1601-0139-03**

Dear Ms. Barfield:

I represent Carolyn Witcher-Sessoms, Employee in the above-noted matter, which has been certified by the Office of Employee Appeals to you for enforcement pursuant to an Order dated January 13, 2006, as issued by Hon. Ruhulamin Quander. As you may recall, you issued an Order for Compliance in that matter on September 6, 2006, directing the Agency to submit documentation demonstrating that the Agency had complied on or before September 27, 2006 with the Office's Final Decision in the above-noted matter. Employee further sent a letter to the Agency on September 7, 2006, verifying Employee's mailing address, should the Agency need to send Employee any correspondence directly with regard to the Agency's compliance with the Office's Order (as the Agency has been known to do in other cases).

To date—some **41 days after your compliance deadline and 62 days after issuance of the General Counsel's Order on Compliance**—neither Employee nor her counsel has received any written documentation from the Agency which in any way pertains to compliance with the Office's Final Decision in the above-noted matter. Employee submits that either (1) the Agency has submitted such documentation *ex parte* to the Office, or more likely (2) that the above-noted facts indicate that the Agency has failed to properly comply with the Order on Compliance in the above-noted matter, and instead has shown blatant disregard for the Office's authority.

As the Agency has failed to comply with the Office's Final Decision in this matter, Employee respectfully requests that the General Counsel directly enforce the Office's Final Decision in the above-noted matter pursuant to OEA Rule 636.9, which authorizes the General Counsel to "take such actions as are necessary to secure compliance with the order, including forwarding the matter to the Office of the Mayor or other responsible official for direct enforcement" in the even that "the agency fails to comply with the order".

Further, in light of the extended mendacity of the Agency in ignoring the Office's various



**EXHIBIT**

C

Orders in the above-noted matter and Employee's travails in seeking to ensure that the Agency not disrespect the Office's authority in this matter, Employee hereby respectfully requests that the General Counsel sanction the Agency pursuant to her authority under OEA Rule 636.9 through directing the Agency to reimburse all of Employee's attorneys fees and costs incurred in the above-noted matter subsequent to the issuance of the Office's Final Decision in the above-noted matter.

Respectfully Submitted,

Andrew J. Perlmutter

Cc: Harriet Segar, Esq.



# hp LaserJet *3380*

HP LASERJET FAX

Nov-7-2006   11:43AM

---

## Fax Call Report

| Job | Date | Time | Type | Identification | Duration | Pages | Result |
|-----|------|------|------|----------------|----------|-------|--------|
| 482 | 11/ 7/2006 | 11:42:04AM | Send | 2024425098 | 0:57 | 3 | OK |

---

## Melehy & Associates LLC
### Attorneys at Law

| OMAR VINCENT MELEHY* | 8403 COLESVILLE ROAD | TELEPHONE (301) 587-4344 |
|---|---|---|
| | SUITE 610 | FACSIMILE (301) 587-6308 |
| | SILVER SPRING, MARYLAND 20910 | * ALSO LICENSED |
| SUVITA MELEHY* | WWW.MELEHY.COM | IN WASHINGTON D.C. |
| ANDREW I. PERLMUTTER* | | |

## FAX TRANSMISSION

| | | | |
|---|---|---|---|
| To: | Harriet Segar, Esquire | Date: | November 7, 2006 |
| Fax #: | 202-442-5098 | Pages: | 3, including this cover sheet. |
| From: | Andrew J. Perlmutter | | |
| Subject: | Letter Concerning Agency Noncompliance With General Counsel's Order on Compliance | | |
| | *Witcher-Sessoms v. District of Columbia Public Schools* | | |
| | OEA Matter No.: 1601-0139-03 | | |

THIS INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INTENDED RECIPIENT NAMED BELOW. IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY COPYING OF THIS COMMUNICATION OR DISSEMINATION OR DISTRIBUTION OF IT TO ANYONE OTHER THAN THE INTENDED RECIPIENT IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE.

---

REMARKS: ☐ Urgent    ☐ For your review    ☐ Reply ASAP    ☐ Please Comment

W:\FIRM\DATA\SESSOMS_C\SESSOMS-601\CORRSEGAR.FAX.11.07.06.DOC

# hp LaserJet *3380*



HP LASERJET FAX

Nov-7-2006   11:57AM

---

## Fax Call Report

| Job | Date | Time | Type | Identification | Duration | Pages | Result |
|-----|------|------|------|----------------|----------|-------|--------|
| 488 | 11/ 7/2006 | 11:56:08AM | Send | 2027275631 | 1:14 | 3 | Comm Error 442 |

*OEA confirmed fax went through OK*

---

## Melehy & Associates LLC
### Attorneys at Law

| OMAR VINCENT MELEHY* | 8403 COLESVILLE ROAD | TELEPHONE (301) 587-6364 |
|---|---|---|
| | SUITE 610 | FACSIMILE (301) 587-6308 |
| | SILVER SPRING, MARYLAND 20910 | * ALSO LICENSED |
| SUVITA MELEHY* | WWW.JDPINMELEHY.COM | IN WASHINGTON D.C. |
| ANDREW J. PERLMUTTER* | | |

## FAX TRANSMISSION

**To:**     Sheila Barfield, Esq.       **Date:**    November 7, 2006
        General Counsel
        D.C. Office of Employee Appeals

**Fax #:**   202-727-5631         **Pages:**    3, including this cover sheet.

**From:**   Andrew J. Perlmutter

**Subject:**   Letter Concerning Agency Noncompliance with General Counsel's Order on
           Compliance
           *Witcher-Sessoms v. District of Columbia Public Schools*
           OEA Matter No.: 1601-0139-03

THIS INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INTENDED RECIPIENT NAMED BELOW. IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY COPYING OF THIS COMMUNICATION OR DISSEMINATION OR DISTRIBUTION OF IT TO ANYONE OTHER THAN THE INTENDED RECIPIENT IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE.

**REMARKS:** ☐ Urgent    ☐ For your review    ☐ Reply ASAP      ☐ Please Comment

W:\FIRM\DATA\SESSOMS_C\SES263-647\COM\BARFIELD.FAX.11 07 06.DOC

# Melehy & Associates LLC

## Attorneys at Law

| OMAR VINCENT MELEHY* | 8403 COLESVILLE ROAD | TELEPHONE (301) 587-6364 |
|---|---|---|
| | SUITE 610 | FACSIMILE (301) 587-6308 |
| ——— | SILVER SPRING, MARYLAND 20910 | * ALSO LICENSED |
| SUVITA MELEHY* | WWW.ZIPINMELEHY.COM | IN WASHINGTON D.C. |
| ANDREW J. PERLMUTTER* | | |

# FAX TRANSMISSION

**To:**      Harriet Segar, Esquire          **Date:**     November 7, 2006

**Fax #:**   202-442-5098                     **Pages:**   3, including this cover sheet.

**From:**    Andrew J. Perlmutter

**Subject:** Letter Concerning Agency Noncompliance With General Counsel's Order on
Compliance
*Witcher-Sessoms v. District of Columbia Public Schools*
OEA Matter No.: 1601-0139-03

THIS INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INTENDED RECIPIENT NAMED BELOW. IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY COPYING OF THIS COMMUNICATION OR DISSEMINATION OR DISTRIBUTION OF IT TO ANYONE OTHER THAN THE INTENDED RECIPIENT IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE.

**REMARKS:**  ☐ Urgent      ☐ For your review    ☐ Reply ASAP      ☐ Please Comment

# Melehy & Associates LLC

## Attorneys at Law

| OMAR VINCENT MELEHY* | 8403 COLESVILLE ROAD | TELEPHONE (301) 587-6364 |
|---|---|---|
|  | SUITE 610 | FACSIMILE (301) 587-6308 |
| ———— | SILVER SPRING, MARYLAND 20910 | * ALSO LICENSED |
| SUVITA MELEHY* | WWW.ZIPINMELEHY.COM | IN WASHINGTON D.C. |
| ANDREW J. PERLMUTTER* |  |  |

# FAX TRANSMISSION

**To:**     Sheila Barfield, Esq.          **Date:**      November 7, 2006
            General Counsel
            D.C. Office of Employee Appeals

**Fax #:**   202-727-5631                  **Pages:**     3, including this cover sheet.

**From:**    Andrew J. Perlmutter

**Subject:** Letter Concerning Agency Noncompliance with General Counsel's Order on
             Compliance
             *Witcher-Sessoms v. District of Columbia Public Schools*
             OEA Matter No.: 1601-0139-03

THIS INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INTENDED RECIPIENT NAMED BELOW. IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY COPYING OF THIS COMMUNICATION OR DISSEMINATION OR DISTRIBUTION OF IT TO ANYONE OTHER THAN THE INTENDED RECIPIENT IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE.

**REMARKS:**  ☐ Urgent      ☐ For your review    ☐ Reply ASAP      ☐ Please Comment

W:\FIRM\DATA\SESSOMS_C\SES203-641\CORR\BARFIELD.FAX.11.07.06.DOC