IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **PAULA DUCKETT**, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:07-CV-01116 |
| | ) | |
| **DISTRICT OF COLUMBIA**, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS'
EMERGENCY MOTION TO QUASH DEPOSITION NOTICES**

**INTRODUCTION**

In their emergency motion to quash deposition notices, Defendants' are seeking to preclude Plaintiffs from deposing Michelle Rhee, Clifford B. Janey and Pamela Graham on June 9, 10, and 11, 2008. Defendants offer two arguments in support of their emergency motion: 1) Plaintiffs' are prohibited from initiating discovery because no scheduling Order has been issued; 2) the issues regarding Plaintiffs' outstanding backpay and attorney fees are "all but resolved." (Def. Mot. at 4.)

Neither argument satisfies the standard for issuing a protective order. First, Plaintiffs are entitled to take the deposition of defendants, as the Plaintiffs' counsel and defense counsel met and conferred and filed a Joint Local Rule 16.3 Statement in August, 2007. Plaintiffs need to begin discovery as the Defendants' have raised factual issues in their motion to dismiss which Plaintiffs need to address and Plaintiffs are anxious to develop the facts of the case. Second, this case has not been settled as the Defendants have outright refused to enter into any settlement agreement with Plaintiffs. Although the District of Columbia has placed the three plaintiffs in teaching positions, it has not paid them any back pay or any compensatory damages nor has it

made any offer to pay any portion of Plaintiff's attorney's fees.  Since this case has not been settled – as the Defendants refuse to settle it – and the relief previously ordered has not been given or promised, Plaintiffs wish to proceed with discovery.

## ARGUMENT

**I.  PLAINTIFFS ARE PERMITTED TO INITIATE DISCOVERY SINCE THEY HAVE MET AND CONFERRED WITH DEFENDANTS' COUNSEL AND FILED A JOINT LOCAL RULE 16 STATEMENT.**

As a preliminary matter, Defendants' assertion that Plaintiffs' cannot initiate discovery because no scheduling Order has been issued is without legal basis.  (Def. Motion at 4.)  Rule 26 of the Federal Rules of Civil Procedure outlines the timing and sequence of discovery. Pursuant to Rule 26, parties may seek discovery, provided they have first conferred as required by Fed. R. Civ. P. 26 (f). . . ."

Pursuant to Fed. R. Civ. P. 26 (f) and Local Civil Rule 16.3, the parties met, conferred and filed a joint report to the Court on August 30, 2007.  Having met and conferred with defendants' counsel and filed a Local Rule 16.3 Statement, the Plaintiffs are free to initiate discovery—including but not limited to taking depositions. *See* Fed. R. Civ. P. 30(a)(1)( "A party may, by oral questions, depose any person, including a party, without leave of court. . . ."); Fed. R. Civ. P. 26 (d) (2) (A) ("methods of discovery may be used in any sequence.")

Notably, Plaintiffs' noticed the depositions in order to fully respond to the entirely new arguments and new evidence raised in Defendants' Reply Brief to Plaintiffs' Opposition to Defendants' Motion to Dismiss. Defendants' extraneous materials (and the arguments based on those materials) converted their Motion to Dismiss into a motion for summary judgment. Fed. R. Civ. P. 12(c); *Gordon v. Nat'l Youth Work Alliance,* 675 F.2d 356, 360, 361 (D.C. Cir.1982). Accordingly, Plaintiffs should be given a reasonable opportunity to undertake discovery—

including, but not limited to, noting depositions—so that they may provide the Court with factual material to assist it in resolving the now converted motion for summary judgment. *See Celotex,* 106 S.Ct. at 2554-55 ("any potential problem with ... premature [summary judgment] motions can be adequately dealt with under Rule 56(f), which allows [deferral of] a summary judgment motion ... if the nonmoving party has not had an opportunity to make full discovery"); *see also Committee for Nuclear Responsibility, Inc. v. Seaborg,* 463 F.2d 783, 787-88 (D.C.Cir.1971) ("Rule 56[ (f) ] clearly contemplates that the parties shall have opportunity for deposition in order to establish the existence of a material issue."); *Martin v. Malhoyt,* 830 F.2d 237, 256 (D.C. Cir. 1987) (noting that "insufficient time or opportunity to engage in discovery" is cause to defer decision on summary judgment motion); *see also Azhar Ali Khan v. Parsons Global Servs., Ltd.,* 428 F.3d 1079, 1087-88 (D.C. Cir. 2005) (remanding where summary judgment "motion was filed in lieu of an answer, before a scheduling order, discovery, or initial disclosures, and the motion relied upon information in [defendant's] sole control").

      Plaintiffs' have noticed the depositions of Michelle Rhee, Clifford B. Janey and Pamela Graham in order to explore the reasons why the relief ordered has not been implemented and whether the District of Columbia had a policy of deliberately ignoring Office of Employee Appeals orders and other issues related to Plaintiffs' claims under 42 U.S.C. § 1983. The discovery sought is relevant and necessary to the preparation of Plaintiff's case and directly relevant to issues raised in the now converted motion for summary judgment. In fact, in Plaintiffs' Sur-reply Brief in Opposition to Defendants' Motion to Dismiss, which was previously filed with this Court, Plaintiffs' counsel attached a Rule 56 affidavit stating the Plaintiffs require the opportunity for additional discovery in order to adequately respond to Defendants' motion to dismiss.

Defendants have failed to carry their burden of demonstrating good cause for quashing Plaintiffs' deposition notices. Because of the broad scope of discovery under the Federal Rules, "a party seeking a protective order clearly bears the burden of proving its necessity." *Avirgan v. Hull,* 118 F.R.D. 252, 254 (D.D.C. 1987)("*Avirgan* I"). In particular, Federal Rule 26(c) requires that a party show "good cause" for the entry of a protective order seeking to limit discovery. *See* Fed. R. Civ. P. 26(c). This Court has recognized that "[t]o show good cause, a movant for a protective order must articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought, and cannot rely on merely conclusory statements." *Avirgan* I, 118 F.R.D. at 254; *Mampe v. Ayerst Laboratories,* 548 A.2d 798 (D.C. App. 1998) ("The party seeking the protective order must state with some specificity how it may be harmed by the disclosure of a particular document or piece of information.")

"[A] bald assertion of fact ... fails to meet a movant's burden under Rule 26(c)." *Avirgan v. Hull,* 118 F.R.D. 257, 262 (D.D.C. 1987). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26 (c) test ... Moreover, the harm must be significant, not a mere trifle." *Alexander v. FBI, et al.,* 186 F.R.D. 71 (D.D.C. 1998) "Indeed, the moving party has a heavy burden of showing 'extraordinary circumstances' based on 'specific facts' that would justify such an order." *Id*.

In considering a motion for protective order, the Court "applies a balancing test weighing the movant's proffer of harm against the adversary's significant interest in preparing for trial." *Jennings v. Family Management,* 201 F.R.D. 272, 275 (D.D.C. 2001); *see also Low v. Whitman,* 2002 U.S. Dist. Lexis 10101, 2 (D.D.C. May 30, 2002) ("Any party seeking to limit discovery under Rule 26(c) must demonstrate that, on balance, the harm to it outweighs its opponent's interest in discovering the facts.")

Here, Defendants have failed to carry their burden of demonstrating good cause for the issuance of the requested emergency order limiting discovery. Indeed, Defendants' have failed to offer any specific facts showing clearly defined and serious injury that would result from making Michelle Rhee, Clifford B. Janey and Pamela Graham available for deposition. Instead, Defendants offer only vague and conclusory statements and bald assertions of fact, and even these self-serving statements are easily debunked. Thus, there is no basis for preventing the Plaintiffs from taking the depositions.

**II.  DEFENDANTS' ARGUMENT THAT NO DISCOVERY SHOULD BE PERMITTED BECAUSE THIS CASE IS ALL BUT RESOLVED IS JUST PLAIN WRONG.**

Defendants argue that the depositions of Rhee, Janey and Graham are unnecessary because outstanding issues concerning the plaintiffs' back pay and attorney fees are "all but resolved." (Def. Mot. at 4.) This assertion suggests that there is a settlement agreement or that the parties are on the verge of entering into a settlement agreement. In fact, nothing of the kind has taken place. Defendants have refused to enter into any settlement agreement with Plaintiffs and have announced unilaterally in fall, 2007 that there would be no settlement agreement. Additionally, Defendants have been unable or unwilling to award the Plaintiffs their four plus years of back pay or take any steps toward either agreeing to pay or paying the counsel fees that Plaintiffs have incurred in enforcing the judgments in this case.

Given that the Plaintiffs claims for back pay, attorney fees and compensatory damages have not been resolved Defendants' assertion that the issues are "all but resolved" is simply untrue. As such, there is no basis for the emergency order Defendants are seeking. Plaintiffs' should not be denied the opportunity to discover information regarding core issues in this case

5

merely because Defendants' have made a false claim that this case is resolved or close to resolution.

## CONCLUSION

For the reasons stated above, Defendants' motion for an emergency order quashing the deposition notices of Defendants Janey, Graham and Rhee should be denied.

Respectfully Submitted,


_____/s/_____
Vincent Melehy, Esq.
D.C. Bar No. 415849
Lawrence Rudden, Esq.
Melehy & Associates, LLC
8403 Colesville Road, Suite 610
Silver Spring, MD 20910
Phone: (301) 587-6364
Fax:    (301) 587-6308
Email: ovmelehy@melehylaw.com
Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PAULA DUCKETT,** *et al.,* | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 1:07-cv-01116 |
| | ) |
| **DISTRICT OF COLUMBIA,** *et al.,* | ) |
| | ) |
| Defendants. | ) |
| | ) |

### ORDER

UPON CONSIDERATION of Plaintiffs' Opposition to Defendants' Emergency Motion to Quash Deposition Notices, and any opposition thereto, it is this _____ day of _____, 2008,

**ORDERED**, that the Motion is hereby DENIED.

_____
JUDGE